Warner, Chief Justice.
This was a bill, filed by the complainants against the defendants praying for an injunction to restrain the sale of the corpus of certain trust property set forth in. the bill. The presiding Judge refused to grant the injunction and the complainants excepted. It appears in the record, that Hopkins devised certain lands to Bessent and Long in trust for the use of his daughter, Susan, during her life, and after her death to and for the use and benefit of the issue of her body. Susan intermarried with Clinch and has five minor children who, with their mother, are the complainants. It also appears that Ferril & Weslow, in the year 1869, instituted suit in the Superior Court of Camden county against the trustees of Mrs. Clinch for the sum of $1,748 86, alleged to have been for advances made by them to Mrs. Clinch, one of the cestui que trusts, with the assent of the defendants, for the use of the plantation belonging to her, and for the support of her children and for the purchase of work animals employed in the cultivation of said plantation. On the 11th November, 1869, a general judgment was entered up against the defendants for the sum sued for with interest and costs, without specifying in the judgment the property out of which the money was to be made. An execution has been issued on that judgment and levied by the sheriff on the “Incoochee plantation,” which is a part of the trust estate. The execution is not set forth in the record, but we presume that it follows the judgment. The object of the complainants’ bill is to restrain the sale of the corpus of the trust estate under the execution issued upon this general judgment obtained against the trustees. The claim of the plaintiffs to authorize a sale of the trust estate, must have been for articles or property or money furnished for the use of the trust estate and the judgment should have specified the trust property to be bound for the payment of *it, so that the execution might have followed the judgment in that respect. The cestui que trusts were not parties defendants to the execution, and could not have filed an affidavit of illegality. Making advances for the use and benefit of a trust estate, is one thing, making advances for the use and benefit of those who are enjoying or cultivating a trust estate, is quite a different matter, which those who make advances will do well to remember. See Satterwhite vs. Beall, Stewart & Ansley, 28th Georgia Reports, 525. In view of the facts alleged in the complainants’ bill, it was error in the presiding Judge in not granting the injunction prayed for.
Let the judgment of the Court below be reversed.