[No. 5061.   Decided March 9, 1905.]

GAYLORD W. THOMPSON, et al., Appellants, v. NARCISSA
PRICE et al., Respondents.[1]

MORTGAGES — FORECLOSURE — PARTIES — TRUSTS — DEEDS — CONVEY-
ANCE OF FEE TO TRUSTEE.   Where the owners of lands subject to
a mortgage conveyed the same by warranty deed, in trust, "the
same to be sold . . . and the proceeds thereof to be applied"
to the indebtedness of the grantors, the balance of the proceeds,
if any, to be returned to them, the entire fee passes to the trus-
tee, the trust being personal and not running with the land, so
that the *cestuis que trustent* are not necessary parties to an ac-
tion to foreclose the mortgage, and their rights are cut off by
foreclosure against the trustee while holding the title.

Appeal from a judgment of the superior court for Whit-
man county, Chadwick J., entered September 9, 1903,
upon findings in favor of the defendants, after a trial be-
fore the court without a jury, quieting the defendants'
title to real estate.   Affirmed.

*Ben F. Tweedy, P. W. Kimball,* and *T. D. Culver,* for
appellants.

*Thomas Neill* and *Harvey & Welty,* for respondents.

FULLERTON, J.—On September 1, 1889, W. B. Stephen-
son, Sophia V. Stephenson, his wife, W. M. Chambers,
and Minnie E. Chambers, his wife, being then the owners
in fee, as tenants in common, of certain described real
property, situate in Whitman county, in this state, mort-
gaged the same to one Richard W. Price, to secure the pay-
ment of a loan made them by Price, of the sum of $4,000.
Later on one LaFayette Williams became the owner of an
undivided one-half of the property, through certain mesne
conveyances from W. M. Chambers and wife, subject to the
lien of the mortgage aforesaid; and on December 31, 1894,

[1]Reported in 79 Pac. 951.

his wife, Nettie C. Williams, joining in the deed of conveyance, he conveyed the same to the defendant L. B. McCarter. This last mentioned deed contained apt words of conveyance and covenants of warranty, and purported to convey all of the interest the grantors had in the premises, to the grantee, subject to a trust expressed in the following language:

"This land to be held in trust by the said second party, for the benefit of the town of Moscow, the same to be sold by said second party to the best advantage, and the proceeds thereof to be applied to any indebtedness owing by the said first parties, or either of them, or the Farmers' Bank of Moscow, Idaho, and after such indebtedness has been paid, then the balance, if any there be, to be returned to the said parties of the first part, to their assigns or legal representatives."

Subsequent to the execution of this deed, Richard W. Price foreclosed his mortgage, and caused the property to be sold, at which sale he became the purchaser for the amount of his mortgage debt, which then amounted to $5,387.10. This sale was duly confirmed by the court, and a deed was issued to Price by the sheriff conducting the sale, which deed bore date of October 9, 1895. Price entered into possession of the property immediately after the sale, and held such possession, by himself and his tenants, until his death on January 8, 1899. Price left a will in which he bequeathed the property to his wife, Narcissa Price. Afterward Narcissa Price conveyed a part of the land to the respondents A. C. Atkinson and Mary J. Atkinson, who immediately entered into possession of the part so conveyed, and were in such possession at the time of the commencement of this action. The remainder of such land continued in the possession and ownership of Narcissa Price.

After the several conveyances herein mentioned, Williams and wife, claiming to have paid the indebtedness

mentioned in the trust deed, and to have become thereby entitled to a reconveyance of the property, conveyed it to the appellants, who bring this action to recover the same. The trial court ruled that the title to the entire tract became vested in Richard W. Price by the foreclosure proceedings; and the correctness of this ruling presents the principal question involved on this appeal.

It is the contention of the appellants that no title passed to Richard W. Price, to the undivided half interest in question, by virtue of the foreclosure proceedings, and hence none could pass to his successors in interest by his will, and the successive deeds of conveyance made thereafter. The argument is that the deed from Williams and wife to McCarter, being subject to a trust, did not pass the entire fee, and, as neither Williams nor his wife were made parties to the foreclosure proceedings, the fee was not cut off thereby, but remained in Williams and his wife, and passed to the appellants by virtue of the deed above mentioned from Williams and wife to them.

We cannot think this contention sound. The deed from Williams and wife to McCarter unquestionably passed the fee from the former to the latter. It not only contained apt words of conveyance, and covenants of warranty, but a positive admonition and direction to sell and convey the land in fee. To convey a fee the grantor must be possessed of a fee, and it is a contradiction in terms to say that Mc-Carter could convey the land in fee to his grantees, but did not possess a fee himself. It may be that, had the title remained in McCarter, after his grantors had paid the debts intended to be paid by the grant, equity would have compelled a reconveyance of the land by McCarter to his grantors, or their successors in interest, but this does not prove that something less than a fee was conveyed by the deed of conveyance. Equity acts upon the person as well as upon things, and it would have compelled such con-

veyance, as being a personal obligation on the part of Mc-Carter to deal equitably, not because of any interest the grantors retained in the land. This is made plain when it is remembered that equity would have acted in the same way with reference to the proceeds of a sale of the land, had McCarter sold it and retained the proceeds after his grantors had paid the debts from other sources. It would have compelled him to pay over the proceeds, not because the grantees retained any interest in the land which attached itself to the proceeds, but because of the personal obligation of McCarter to deal equitably. The trust created was a personal trust, not one that ran with the lands, and whether McCarter conveyed the land voluntarily, or whether it was taken away from him by virtue of a superior title, all of the interest his grantors had therein would have passed, and such grantors could not recover it from those lawfully acquiring it through McCarter. There was in these lands, therefore, no such interest retained as would require McCarter's grantors, or the intended beneficiaries of the conveyance, to be made parties to a foreclosure suit in order to pass the fee in the lands at the foreclosure sale.

It is not a universal rule of equity pleading that all persons interested in a trust estate, and whose rights may be affected by the final decree, must be parties to the suit. It has been held in Massachusetts, that, in a suit concerning the title to assets of an insolvent estate, it was not necessary to make the assignors or creditors parties, as the assignees had the legal title and the right to claim the property, and were authorized and empowered to represent the interests, and to act for all persons interested in the trust. *Stevenson v. Austin,* 3 Met. 474. So, in *Winslow v. Minnesota etc. R. Co.,* 4 Minn. 313, 77 Am. Dec. 519, it was said:

"And the principle seems to be well settled, that in an

action by a creditor to reach trust property, in the hands of administrators or trustees who have the control of, and whose duty it is to protect the property, the *cestuis que trustent* need not be joined as parties. The defence of the trustees is their defence, and their presence in court is not necessary to the protection of their interests."

In the case of *Kerrison v. Stewart,* 93 U. S. 155, 23 L. Ed. 843, the question was whether the creditors of an insolvent firm, in whose favor a deed of trust had been executed by the firm, were bound by a decree against the trustee, and that court held that:

"Where a trustee is invested with such powers and subjected to such obligations that his beneficiaries are bound by what is done against him or by him, they are not necessary parties to a suit against him by a stranger to defeat the trust in whole or in part. In such case, he is in court on their behalf; and they, though not parties, are concluded by the decree, unless it is impeached for fraud or collusion between him and the adverse party."

See, also, *Richter v. Jerome,* 123 U. S. 233, 8 Sup. Ct. 106, 31 L. Ed. 132; *Vetterlein v. Barnes,* 124 U. S. 169, 8 Sup. Ct. 441, 31 L. Ed. 400; *Robinson v. Pierce,* 118 Ala. 273, 24 South. 984, 72 Am. St. 160, 45 L. R. A. 66; *Robertson v. Van Cleave,* 129 Ind. 217, 26 N. E. 899, 15 L. R. A. 68.

So, here, if it were true that the grantors of McCarter had an interest in the property conveyed, such interests were cut off by the foreclosure suit in which McCarter was a party. Moreover, we think the statute has determined this question. It is provided that a trustee of an express trust may sue without joining the persons for whose benefit the suit is prosecuted. This being true, it would seem that the converse of the proposition would be true also; namely, that he could be sued concerning the trust property without joining the *cestuis que trustent.* See, *Mead v.*

*Mitchell,* 5 Abb. Pr. 92; *Id.,* 17 N. Y. 210, 72 Am. Dec. 455.

Objection is made as to the sufficiency of the summons, but the questions raised were discussed and decided contrary to the objection, in *Williams v. Pittock,* 35 Wash. 271, 77 Pac. 385.

There being no error in the record the judgment appealed from is affirmed.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.