**John M. Klonowski, Administrator, Appellee, v. Crescent Paper Box Manufacturing Company et al., on appeal of George C. J. Schmidt, Surviving Executor, Appellant.**

**Gen. No. 24,721.**

1. WORKMEN'S COMPENSATION ACT, § 18*—*when action will not lie against third person.* If the employer, the employee and the owner of the building occupied by the employer, whose alleged negligent placing of a water tank on his building caused the employee's death, were all three bound by the Workmen's Compensation Act, an action will not lie to recover for the employee's death.

2. WORKMEN'S COMPENSATION ACT, § 3*—*mere ownership of building insufficient to bring owner within act.* The mere ownership of a building which is rented by an employer who comes under the Workmen's Compensation Act does not bring the owner within the act where it has no employees on the premises and is not there engaged in any enterprise or business.

3. WORKMEN'S COMPENSATION ACT, § 18*—*right to cover against third person not engaged in extrahazardous occupation.* An action may be maintained against the owner of a building to recover for the death of an employee of the lessee caused by the fall of a tank on such building though such employee and lessee were both under the Workmen's Compensation Act, where the owner was not engaged in an extrahazardous business, in the meaning of the act, so far as the building where the accident occurred was concerned.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. WORKMEN'S COMPENSATION ACT, § 18*—*sufficiency of declaration against third person not engaged in extrahazardous occupation.* Where, in an action against the owner of a building to recover for the death of an employee of the lessee of such building, it clearly appears from the allegations of the declaration that such owner was not engaged in any extrahazardous occupation, enterprise or business; within the meaning of the Workmen's Compensation Act, it is not necessary that the declaration allege that the act was inapplicable or make any reference to the act.

5. DEATH, § 67*—*when damages not excessive.* A verdict of $7,000 for the death of a 14-year-old girl is not excessive where it appears that she was in good health, could read and write English, worked in a factory and also helped with the household work and left parents, brothers and sisters surviving her.

6. NEGLIGENCE, § 120*—*sufficiency of declaration charging negligence resulting in fall of tank.* Though the declaration, in an action against the owner of a building to recover for the death of an employee of the lessee of such building caused by the fall of a water tank installed thereon, is primarily based on defendant's violation of a city ordinance, set up in the declaration, regulating the placing of water tanks on buildings, such declaration is sufficient after verdict, at least, to sustain a judgment for plaintiff based on the fact that the tank had been properly installed, where it not only alleges the violation of the ordinance in the construction of the tank, but also avers that the tank fell "by reason of the fact that the foundation and supports of the tank were then and there insecure, weak, and out of repair."

7. PLEADINGS, § 459*—*waiver of demurrer by stipulation admitting evidence proper under any plea, etc.* Where, at the time the demurrer to the declaration is overruled, on the stipulation of the parties, there is embodied in the order the provision that "upon the trial of this cause said defendants may introduce any material evidence that can or could be introduced by them under any plea or rejoinder that might be filed herein, or upon any issue that might be raised under any pleadings filed or which might be filed herein, and such evidence so introduced shall be given all the weight it would receive if supported by the proper pleadings," the question of the propriety of the court's ruling in overruling the demurrer is not saved.

8. PLEADING, § 136*—*when order based on stipulation obviates necessity for rejoinder.* Where, by stipulation of the parties, the order overruling a demurrer to the declaration provides "that upon the trial of this cause said defendants may introduce any material evidence that can or could be introduced by them under any plea

---

*See Illinois Notes Digest. Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

or rejoinder that might be filed herein, or upon any issue that might be raised under any pleadings filed or which might be filed herein, and such evidence so introduced shall be given all the weight it would receive if supported by the proper pleadings," such order relieves defendant from filing a rejoinder, but permits him to introduce evidence without the filing of it, that otherwise would be improper.

9. APPEAL AND ERROR, § 1454*—*reversal not granted to permit of issue being more formally raised.* A judgment will not be reversed in order to permit the parties to raise in a more formal way an issue upon which they have already had the benefit of a full trial.

· 10. NEGLIGENCE, § 187*—*when finding that fall of tank was caused by bending of supporting beams sustained.* In an action against the owner of a building to recover for the death of an employee of the lessee through the falling of a water tank which had been placed by the defendant on the building, where it is undisputed that the tank fell over through the bending of the steel beams supporting it and evidence is introduced tending to show that such beams were insufficient to carry the weight, a finding that the beams were of insufficient strength is supported by the evidences notwithstanding there is evidence that the beams were of sufficient strength and that there was a high wind and defendant contends that such wind caused the toppling over of the tank.

11. LANDLORD AND TENANT, § 240*—*when provision requiring lessee to keep premises in repair inapplicable in action for injury to employee of lessee.* In an action against the owner of a building to recover for the death of an employee of the lessee of the building through the falling of a water tank installed on the building by the owner during the life of the lease, such fall being caused by the bending of the beams supporting the tank, the provision of the lease requiring the tenant to keep the premises in repair is inapplicable.

12. EVIDENCE, § 10*—*ordinances not judicially noticed by circuit court.* The circuit court does not take judicial notice of city ordinances.

13. NEGLIGENCE, § 193*—*when compliance with ordinance question for jury.* In an action against the owner of a building to recover for the death of an employee of the lessee of such building caused by the fall of a water tank installed on the building by defendant, where the evidence tends to show a violation of the ordinance, set up by the declaration, regulating the installation of such tanks, and defendant's evidence tends to show that it had complied with the ordinance, the question whether defendant complied with the ordinance is for the jury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

14. APPEAL AND ERROR, § 1460*—*when failure to prove ordinance harmless.* In an action against the owner of a building to recover for the death of an employee of the lessee of the building through the falling of a water tank which the declaration alleges to have been installed in violation of a city ordinance, where the record discloses that proof was offered on both sides as to whether or not the ordinance had been violated, and defendant also offered an instruction as to its nonliability as for a nuisance, where it had complied with the ordinance, the jury were instructed that the burden of proving his case as laid in his declaration was on plaintiff, and in the conduct of the case generally both parties assumed that the ordinance was in force and effect, it is not ground for reversal that no proof was made of the ordinance in question.

15. APPEAL AND ERROR, § 1539*—*refusal of abstract instruction not ground for reversal.* The refusal of instructions which are inapplicable to the facts of the case is not ground for reversal.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed March 18, 1920. Rehearing denied March 31, 1920. *Certiorari* denied by Supreme Court (making opinion final).

O'DONNELL & O'DONNELL, for appellant.

DAVID K. TONE, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff as administrator of the estate of Elizabeth Frankowicz, deceased, brought suit against the Crescent Paper Box Manufacturing Company and the surviving executor and trustee of the estate of Kaspar G. Schmidt, deceased, to recover damages on account of the wrongful death of the deceased. At the close of plaintiff's case there was a directed verdict in favor of the defendant, Crescent Paper Box Manufacturing Company. The case proceeded against the other defendant and there was a verdict and judgment in favor of plaintiff for $7,000, to reverse which the representative of the K. G. Schmidt estate prosecutes this appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

154    APPELLATE COURTS OF ILLINOIS.

Klonowski v. Crescent Paper Box Mfg. Co., 217 Ill. App. 150.

The record discloses that the Schmidt estate owned a four-story brick building located at Nos. 450-452 West Ohio street, Chicago, and had, for a number of years, leased it to the Crescent Paper Box Manufacturing Company; that the box company occupied the entire building and was engaged in the business of manufacturing paper boxes; that some few years after the box company had entered into possession it requested appellant to construct a water tank on the roof of the building for purposes of fire protection; that in accordance with the request a tank, having a capacity of about 3,000 gallons, was installed in 1907 or 1908; that the deceased, Elizabeth Frankowicz, about 14 years old, was employed by the box company, and on the 21st day of May, 1915, the tank fell or was blown over, crashed through the roof of the building and killed her.

The appellant strenuously insists that this suit will not lie for the reason that the liability occasioned by the death of the deceased is governed by the Workmen's Compensation Act, because the deceased, her employer the box company and appellant were all bound by the Compensation Act at the time of the fatal injury. Of course, if all three were bound by the act, appellant's contention would necessarily be correct and this suit would not lie. Section 29, Compensation Act [Call. 1916 Stat. ¶ 5475(29)]; *Friebel v. Chicago City Ry. Co.*, 280 Ill. 76, 16 N. C. C. A. 390. It seems to be conceded that the box company and the deceased were bound by the act, so that the only question to be determined on this phase of the case is whether appellant came within the purview of the act. Counsel for appellant argues (1) that since the declaration charges that appellant was the owner of the building and improperly built and maintained the tank it comes within paragraph b, sec. 3 of the Act [Call. 1916 Stat. ¶ 5475(3)], which provides that every employer engaged in maintaining, repairing or demolishing any

structure shall be subject to the act; and (2) that the evidence shows appellant had four or five employees who were engaged as engineers and janitors of buildings other than the one in question; that these other buildings were equipped with elevators, steam boilers and water tanks and, therefore, the act applied to these employees; that where the death is occasioned by the act of a third party, as in the instant case, if the third party, as to its own employees, is bound by the act, the act determines the measure of liability. It is contended that the *Friebel* case is exactly in point.

The estate had no employees upon the premises in question. It was not there engaged in any enterprise or business, and the fact that it owned the building and tank was not sufficient to bring it within the act. *Johnson v. Choate*, 284 Ill. 214.

In the *Friebel* case, which counsel contends is controlling, an employee of the Hartman Furniture & Carpet Company brought suit against the street car companies to recover damages for personal injuries sustained by him. It was held that since all three of the parties were within the provisions of the act, the action would not lie. In that case the plaintiff was struck by a street car and injured. There the street car company was engaged in its extrahazardous business at the time and place of the accident. In the instant case, however, the deceased was not injured by appellant or his employees in the conduct of his business and the case, therefore, is clearly distinguishable. In *Vaughan's Seed Store v. Simonini*, 275 Ill. 477, 14 N. C. C. A. 1075, it was held that an employer might conduct one branch of his business which would be hazardous and within the act, and another branch which was nonhazardous and not affected by the act, and that if an employee was injured while engaged in the nonhazardous branch of the business, the act did not apply. Since we have held that appellant was not engaged in an extrahazardous business within the

meaning of the act, so far as the building in question where the accident occurred is concerned, the act does not apply and plaintiff may maintain this suit.

Counsel further argues that the declaration fails to set up a cause of action in that there was no allegation that the Compensation Act was not applicable and that in the absence of such allegation the presumption is that the act applies, citing *Beveridge v. Illinois Fuel Co.*, 283 Ill. 31, 17 N. C. C. A. 463. This objection might be available to the box company, but we think it is not applicable to appellant. The act provides that every employer mentioned shall be conclusively presumed to be bound by the act unless he has given the required notice not to be bound by it, and the *Beveridge* case holds that unless the declaration contains an allegation that the act does not apply, it does not state a cause of action, and it has been held that the same presumption applies where a suit is brought against a third person. *Vose v. Central Illinois Public Service Co.*, 286 Ill. 519. But from the allegations of the declaration it clearly appears that appellant was not engaged in any occupation, enterprise, or business that was extrahazardous within the meaning of the act, therefore, no reference to the act need be made. *Bowers v. Claxton*, 212 Ill. App. 609.

Counsel next argues that the damages are grossly excessive. The deceased was 14 years old, in good health; could read and write the English language, and in addition to working at the box factory helped with the household work. She left her surviving her parents, brothers and sisters. In these circumstances we think the verdict cannot be held excessive. *Chicago City Ry. Co. v. Strong*, 129 Ill. App. 511; *Swan v. Boston Store of Chicago*, 177 Ill. App. 349, 7 N. C. C. A. 938; *Delohery v. Quinlan*, 210 Ill. App. 321.

It is further argued that the judgment is wrong since the tenant, the box company, under the terms of the lease, was required to keep the premises in repair,

and at the time of the accident was in sole and exclusive control of the premises, and therefore it would have no right of action against the landlord for damages suffered on account of the premises being out of repair, and that the representative of the deceased would have no greater right than the tenant. Counsel admit there is an exception to this rule which permits a recovery against the landlord where a dangerous and defective condition by which the injury was caused existed when the premises were leased, or where the landlord installs improvements which are unsafe, but argue there is nothing in the record to indicate that the tank was out of repair at the time of the accident or unsafe when erected. Furthermore, it is said that the declaration which consisted of but one count contained no averment that it was erected in an improper manner in 1907, but the charge was that the tank was improperly maintained at the time of the accident, May 21, 1915, in violation of a city ordinance. It is insisted that this defect in the declaration was not cured by plaintiff's replication, which for the first time .endeavored to bring into the case the contention that the tank had been improperly constructed in 1907, and was insecure and unsafe; that plaintiff could not inject this matter into the case by way of replication, and although the trial court overruled appellant's demurrer to this replication, yet the point was saved because appellant did not plead over by way of rejoinder, but stood by his demurrer. We think neither of the contentions can be sustained. While plaintiff's declaration is primarily based on the violation of the city ordinance, which is set up in the declaration, and which makes it unlawful for any person to construct, maintain or allow, or permit to remain upon any roof any tank having a larger capacity than 400 gallons unless the tank shall rest upon a good and sufficient foundation of brick or stone masonry, or upon iron or steel construction, without first

submitting plans to and obtaining the approval of the building commissioner and a permit for the construction of the tank, yet we think it is sufficient after verdict, at least, to sustain a judgment based on the fact, that the tank had been improperly installed. It alleges a violation of the ordinance in the construction of the tank, and in addition it is averred that the tank fell "by reason of the fact that the foundation and supports of the tank were then and there insecure, weak, and out of repair." Moreover, we think appellant failed to save the question of the propriety of the ruling of the court in overruling his demurrer to plaintiff's declaration for the reason that at the time the demurrer was overruled and as part of the same order, on stipulation of the parties it was ordered "that upon the trial of this cause said defendants may introduce any material evidence that can or could be introduced by them under any plea or rejoinder that might be filed herein, or upon any issue that might be raised under any pleadings filed or which might be filed herein, and such evidence so introduced shall be given all the weight it would receive if supported by the proper pleadings." We think it clear that this order relieved appellant from filing a rejoinder, but permitted him to introduce evidence without the filing of it, that otherwise would be improper. No objection was made to any of the evidence introduced showing the time and method of the construction of the tank. But, in any event, with the whole record before us, we would not be warranted in reversing the judgment for the purpose of permitting the parties to raise in a more formal way an issue of which they have already had the benefit of a full trial. *Lyons v. Kanter*, 285 Ill. 336. There was evidence introduced tending to show that the steel "I" beams which supported the tank were insufficient in strength to carry the weight. It is true that there was evidence to the contrary, but the tank fell by reason of the "I" beams bending down and

permitting the tank to fall over. This is undisputed. We think, therefore, that the evidence was ample to warrant the jury in finding that the beams were not of sufficient strength to support the tank. There was evidence tending to show that there was a high wind, and there is some contention by defendant that this wind, which almost reached the velocity of a cyclone, caused the tank to topple over, but we think after a careful consideration of all the evidence, that the jury were warranted in finding that the "I" beams were of insufficient strength. The landlord constructed the tank and, of course, the provision in the lease requiring the tenant to repair is not applicable and the case, therefore, comes within the exception mentioned by counsel.

The evidence also tends to show that there was a violation of the ordinance set up in the declaration in the matter of the foundation on which the tank rested, as well as the "I" beams; that no permit had been issued and that the plans and specifications had not been submitted to the proper city officials. There was evidence offered by appellant tending to show a compliance with the ordinance, but this clearly was a question for the jury. But appellant argues very strenuously that although the ordinance is set forth in the declaration, no proof was made of it, and that since the circuit court does not take judicial notice of city ordinances, and since the declaration was based solely on the violation of the ordinance, the case must fall for the reason that the allegations were not proven. It is true that the circuit court does not take judicial notice of city ordinances. It is also true that no ordinance was introduced in evidence, and we regret to say that opposing counsel has made no attempt to answer the point, although he argues throughout his brief as though the ordinance had been received in evidence. Upon examination of the record, however, we find that witnesses were interrogated as to whether

160    APPELLATE COURTS OF ILLINOIS.

Klonowski v. Crescent Paper Box Mfg. Co., 217 Ill. App. 150.

a permit had been issued; whether plans had been submitted to the city officials, and in fact proof was offered by both sides tending to show on the one hand that the terms of the ordinance had been violated, and on the other that the ordinance had been complied with. Witnesses for appellant, on direct examination, testified that they were familiar with the city ordinances in reference to the erection of tanks and that the method of construction followed in installing the tank in question was in compliance with the ordinance. Counsel for appellant also submitted an instruction, which was given by the court, which told the jury that owner's of buildings were permitted by ordinance to erect tanks on roofs of buildings, provided they were constructed in accordance with the ordinances of the city; that if the jury believed that the tank was erected in compliance with the ordinance, then it was not a nuisance. In these circumstances we think appellant is in no position to urge that the ordinance was not offered in evidence. The jury were supposed to be familiar with the declaration and they were instructed that the plaintiff was required to prove his case as laid in the declaration. We think that since both parties assumed that the ordinance declared on was in force and effect, by the manner in which the case was tried, and since plaintiff offered proof tending to show a violation of the terms of the ordinance and appellant offered proof tending to show the contrary, there is no substantial error in this regard.

We think it unnecessary to discuss the errors claimed to have been committed by the trial judge in the refusal of instructions offered by appellant for the reason that in most part they are based on the theory of the legal responsibilities of the landlord for damages sustained by a servant of the tenant for failure to keep the premises in repair when the written lease required the tenant to do the repairing, and others on the theory that appellant was not liable even if it

created a nuisance on the premises in the construction of the tank for the reason that it was the duty of the tenant to abate the nuisance after learning of it. We think these were not applicable to the facts in the instant case and were properly refused. Among other things, some of them failed to take into consideration the fact of the violation of the' ordinance. It would serve no useful purpose to extend this opinion in a discussion of these instructions. We have gone over them carefully and believe that in these circumstances and under the evidence the refusal of the court to give them, even if it could be considered technically erroneous, would not warrant a reversal of the judgment.

On the whole we think the record is free from substantial error, and the judgment of the circuit court is, therefore, affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE THOMSON and MR. JUSTICE TAYLOR concur.