**Edna P. Wahl, v. George C. K. Schmidt et al. John M. Klonowski, Administrator, Petitioner and Appellee, v. George C. K. Schmidt, Executor, et al., Respondents. George W. Kellner and Talitha H. Kellner, Individually and as Executors, and Walter A. Kellner, Appellants.**

**Gen. No. 27,088.**

1. TRUSTS—*effect of judgment at law against trustee.* A judgment at law against a trustee, as such, binds the trustee only as an individual.

2. TRUSTS—*effect of provision in judgment at law against trustee for payment in course of administration.* An order in the judgment in a tort action against the trustee of an estate that the amount be paid in due course of administration is not *res adjudicata* that the claim was against the trust estate and not against the trustee per-

sonally, where none of the beneficiaries of the estate was a party to the action.

3. TRUSTS—*impropriety of decree requiring payment of law judgment against trustee "in due course of administration."* Where a petitioner in a proceeding to have a judgment in a tort action against the trustee of an estate paid out of the estate introduced in evidence the transcript of the judgment which disclosed the personal liability of such trustee, and the other evidence introduced does not show any liability on the part of the beneficiaries of the trust estate to pay the judgment, and it appeared that the final accounts of the trustee were still unsettled and in litigation and that the beneficiaries have certain claims or demands against the trustee in his representative capacity, the chancellor was not warranted in decreeing that the trustee, as surviving executor and trustee, pay the amount of the judgment "in the due course of administration."

4. TRUSTS—*individual liability of trustee for judgment against him in law action.* Where a judgment in a tort action against the trustee of an estate for the death of a person in a building belonging to the estate and managed by the trustee was rendered against the trustee and it is not shown that he is insolvent, he should be required to pay the judgment *de bonis propriis* having his right. if any, to reimbursement out of the trust estate for determination in the final accounting.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Reversed and remanded with directions. Opinion filed June 27, 1922.

VINCENT D. WYMAN, for appellants.

DAVID K. TONE, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Cook county, entered July 15, 1921, ordering that George C. K. Schmidt, "as surviving executor and trustee" of the estate of Kasper G. Schmidt, deceased, pay "in due course of administration" a judgment of $7,000, together with interest and costs, recovered in said circuit court on July 6, 1918, by the petitioner,

John M. Klonowski, administrator of the estate of Elizabeth Frankowicz, deceased.

The petition upon which the decree was entered was filed on November 6, 1920, in certain consolidated causes then pending on the chancery side of the circuit court and involving an accounting by said George C. K. Schmidt, as such surviving executor and trustee of the estate of Kasper G. Schmidt, deceased, with the beneficiaries. The issues in such accounting proceedings need not be stated as they are not essential to the decision of the main question presented by said petition and this appeal, viz., whether the estate of said Kasper G. Schmidt, deceased, is liable for said judgment of $7,000, interest and costs, or whether said George C. K. Schmidt is liable therefor in his individual capacity.

It is alleged in the petition, in substance, that on May 21, 1915, George C. K. Schmidt and Charles J. Schmidt, as surviving executors and trustees, were in the possession and had control of a four-story building, known as 452 West Ontario street, Chicago; that on said day the Crescent Paper Box Manufacturing Company was the lessee thereof from the trustees, and the occupant thereof; that Elizabeth Frankowicz, a girl of 14 years, was employed as a servant by said box company; that on the roof of said building there was installed a water tank and on May 21, 1915, the supports of the tank gave way and the tank fell through the building and killed her; that in October, 1915, petitioner brought an action in said circuit court against said executors and trustees and the box company to recover damages for negligently causing her death; that such proceedings were thereafter had in the action that on July 6, 1918, a judgment after verdict was rendered in favor of petitioner and against George C. K. Schmidt, sole surviving executor and trustee (Charles J. Schmidt having died in April, 1918), for $7,000 and costs "to be paid in due course of admin-

istration''; that on appeal to the Appellate Court for the First District the judgment was affirmed (217 Ill. App. 150); that subsequently an application for a writ of certiorari was denied by the Supreme Court; that the judgment is unsatisfied and that there is due petitioner the amount thereof, interest and costs; and that there is now in the hands of said sole surviving executor and trustee, over and above all disbursements applicable to the payment of petitioner's demands, more than $25,000. The petitioner prayed for an order directing George C. K. Schmidt, sole surviving executor and trustee, to pay petitioner forthwith the amount of the judgment, interest and costs.

To this petition there was filed on March 8, 1921, the answer of George W. Kellner and Talitha H. Kellner, executors of the last will of Barbara E. Kellner, deceased (who died in May, 1919, and who, at the time of her death, was entitled to a one-fourth interest in the proceeds of the real and personal estate of said Kasper G. Schmidt, deceased). They alleged that if said George C. K. Schmidt and Charles J. Schmidt were in control of said building on May 21, 1915, they were so in control after the expiration of their trusteeship and without right and without the consent of said Barbara E. Kellner; that if petitioner's intestate was killed as the result of the negligence of the said George C. K. Schmidt, he is liable in his individual capacity, and not as trustee, and that the trust estate is not liable; denied that there is in his hands, applicable to the payment of petitioner's claim, the sum of $25,000, or any other sum; alleged that George C. K. Schmidt, as sole surviving trustee, is indebted to respondents in excess of the amount in his hands as such trustee; and denied that petitioner was entitled to the relief as prayed.

On May 12, 1921, there was a hearing before the chancellor on the petition. George C. K. Schmidt was called as a witness by petitioner and he testified, in.

substance, that he and his cotrustees first began to serve as trustees in the year 1899; that both of his cotrustees afterwards died and that since their death he had had charge of the trust estate as sole surviving trustee; that the building in question on West Ontario street, where Elizabeth Frankowicz met her death in May, 1915, belonged to said estate, and was in his possession as trustee continuously until the end of the year 1915, he collecting the rents from the tenant; that the amount of cash money now in his hands as executor and trustee was not large; that he also had real estate and securities in his possession; that the value of the real estate was approximately $108,000; that he could not say what was the value of the securities; that all allowed claims against the estate have been paid, and that the only outstanding claim against the estate that he knows of is that of the petitioner Klonowski; that he has not paid all the expenses of administration of the estate including attorney's fees, the unpaid amount of which fees for services rendered him as executor and trustee he does not now know; that his attorneys have spent several years' time in the hearings on appeals from the probate court and in the chancery proceedings now pending before a master in chancery, where about 7,000 pages of testimony have been taken. The petitioner also introduced in evidence the pleadings in the action brought to recover damages for the death of said Elizabeth Frankowicz, and a certified copy of the transcript of the $7,000 judgment rendered in that action. No further evidence was introduced.

In the decree apealed from the court found *inter alia* that the petitioner, Klonowski, as administrator of the estate of Elizabeth Frankowicz, deceased, "has a first and prior lien" upon all the real and personal estate in the possession of George C. K. Schmidt, "as executor and trustee," to secure the payment of said judgment of $7,000, interest and costs, "which lien is sub-

ject only to the costs of administration of the estate'';
and that the matters of the final accountings of said
Schmidt, as surviving executor and as surviving trus-
tee, are still pending in said circuit court in the con-
solidated causes. The court ordered and decreed that
said George C. K. Schmidt, ''as surviving executor
and trustee'' of said estate of Kasper G. Schmidt, de-
ceased, pay ''in due course of administration'' the said
judgment of $7,000, interest and costs; and the court
expressly retained jurisdiction of the parties for the
purpose of compelling said Schmidt, as such surviving
executor and trustee, to pay the judgment.

Counsel for appellants contends that the circuit
court erred in its decree in finding that the petitioner,
as administrator, etc., has a first and prior lien, sub-
ject only to the costs of administration of the estate,
upon all the real and personal property in the posses-
sion of George C. K. Schmidt, as surviving executor
and trustee of the estate of Kasper G. Schmidt, de-
ceased, to secure the payment of said $7,000 judgment,
interest and costs, and in decreeing that said George
C. K. Schmidt, ''as surviving executor and trustee,''
pay ''in due course of administration'' the amount of
said judgment, interest and costs.

The gist of the action at law, brought by the peti-
tioner, as administrator, etc., against the trustee, was
that the latter had negligently constructed the tank
in violation of a city ordinance and in an unsafe and
improper manner (*Klonowski v. Crescent Paper Box
Mfg. Co.,* 217 Ill. App. 150, 157). The judgment as
rendered in that action was against ''George C. K.
Schmidt, executor and trustee  * * * to be paid in
due course of administration.''

We understand it to be the rule that a judgment at
law against a trustee, as such, binds the trustee only
as an individual. (*Taylor v. Davis' Adm'x,* 110 U. S.
330, 335; *Duvall v. Craig,* 2 Wheat. (U. S.) 45, 56;
*Belvin's Ex'rs v. French,* 84 Va. 81; *Louisville Trust*

*Co. v. Morgan,* 180 Ky. 609; *Parmenter v. Barstow,* 22 R. I. 245; *Keating v. Stevenson,* 21 N. Y. App. Div. 604.) In *Taylor v. Davis, supra,* it is said (p. 335): "A trustee is not an agent. * * * A trustee may be defined generally as a person in whom some estate, interest or power in or affecting property is vested for the benefit of another. * * * When a trustee contracts as such, unless he is bound no one is bound, for he has no principal. The trust estate cannot promise; the contract is, therefore, the personal undertaking of the trustee. As a trustee holds the estate, although only with the power and for the purpose of managing it, he is personally bound by the contracts he makes as trustee, even when designating himself as such." In *Duvall v. Craig, supra,* it is said (p. 56): "A trustee, merely as such, is, in general, only suable in equity. But if he chooses to bind himself by a personal covenant, he is liable at law for a breach thereof in the same manner as any other person, although he describe himself as covenanting as trustee; for, in such case, the covenant binds him personally, and the addition of the words 'as trustee' is but a matter of description to show the character in which he acts for his own protection, and in no degree affects the rights or remedies of the other party. * * * At law a judgment against a trustee in such special capacity is utterly unknown." In *Belvin's Ex'rs v. French,* 84 Va. 81, a testator devised a hotel to defendants as his executors to keep the same in repair, etc. As such they managed the hotel and kept and settled their accounts. Plaintiff was injured because of an insecure covering over a cellar hole. He sued defendants, describing them in his declaration as executors, etc. At the trial plaintiff recovered a judgment for $1,500, to be collected *de bonis propriis.* In the Supreme Court the defendants urged that the recovery of a judgment "to be collected *de bonis propriis*" was error, but the judgment was affirmed, the court holding (1) that

though sued as executors, yet this was merely *descriptio personæ* and surplusage; and (2) though charged as executors, the judgment should be *de bonis propriis,* and saying (p. 83): "The general principle, undoubtedly, is that, unless authorized by statute, a personal representative cannot be sued, as such, for his own tort." And the court further said (p. 85): "The rule applicable here is accurately stated by a learned writer as follows: 'An executor or administrator cannot be sued in his representative character for his own wrongful act committed, so as to inflict personal injury upon another while administering the estate; for if liable at all, the act is outside the scope of his official authority, and he must be sued and held responsible as an individual.' Schouler, Ex'rs, sec. 385. And the rule applies as well where injuries are caused by the negligence of an executor as by his own intentional wrong. (*Boston Beef Packing Co. v. Stevens,* 12 Fed. 279.)" In *Louisville Trust Co. v. Morgan,* 180 Ky. 609, it appears that a certain hotel property was owned by an estate of which the trust company had been appointed and was acting as trustee and it had leased the hotel to one McClary who was operating it as such. During a fire, which partially destroyed the hotel, a guest named Morgan lost his life, and a suit for damages was brought by the administrator of his estate against the trust company, as trustee owner and landlord, and McClary, as tenant and proprietor, for negligently causing said death. Originally, the suit was commenced against the trust company, in its individual capacity as a corporation, and also as trustee of said estate, but upon motion to require the plaintiff to elect whether he would prosecute the suit against the trust company in its individual capacity, or in its fiduciary capacity, the trial court ruled that it was not liable in its fiduciary capacity, and thereupon the action proceeded against it in its individual capacity. There was a judgment after

verdict against the trust company for $6,000 and against McClary for $1,000, and the trust company, but not McClary, appealed. One of the grounds urged for a reversal of the judgment against the trust company was that it was not liable in its individual capacity. The judgment was affirmed. The reviewing court held that the ruling of the trial court on said motion was correct, and, after commenting on the evidence, said (p. 615): "In short, the trust company having violated the law in leasing the building for hotel purposes wilfully failed and refused to comply with any of the requirements of the statute or ordinance, or the notice it received from the fire inspector, and to its neglect in these respects the death of Morgan may reasonably, if not certainly, be attributed. Under these circumstances, the general rule is that the trustee is liable in his individual and not in his official capacity, and this, for the sound reason that the trustee should not be allowed, by his tort or negligence, to impair the trust fund (citing cases) * * *. In this case the trust company voluntarily, and without testamentary direction so to do, rented this property for hotel purposes when it knew, or should be charged with notice, that it was not equipped in the manner provided by law, and then, when its attention was directed to the lack of equipment, it persisted in continuing to lease the building for hotel purposes without making the improvements, or any of them, that it was required by the statute and ordinance to make. Under these circumstances, it would be, as said in *Plimpton v. Richards,* 59 Me. 115, monstrous to hold that judgment and execution should go against the estate for a tort which the trustee had no authority under or by virtue of its trusteeship to commit." In *Parmenter v. Barstow,* 22 R. I. 245, it is decided that the trustees of an express trust of realty are not liable in their official capacity as trustees for an injury resulting from the negligent acts of their servants in

the cutting and chiseling of stones on the sidewalk contiguous to the trust estate, whereby a traveler lawfully upon the sidewalk was injured. The court said (p. 247): "The law will not allow trust property to be impaired or dissipated through the negligence or improvidence of trustees, or will it permit them to create any new or additional liabilities against the same. The beneficial interest thereof belongs to the *cestuis*, and it must be held intact for them.  *  *  * We will not say that it is not competent for a court of equity to relieve a trustee from loss sustained by him in the management of trust property in a case which might be supposed,  *  *  * but that the rule of law is substantially as above stated there can be no doubt." In *Keating v. Stevenson*, 21 N. Y. App. Div. 604, the action was against the defendants in their official capacity as trustees and executors under the last will of a deceased person, and it was sought to charge the estate with liability for their failure to keep certain premises in repair, by reason of which plaintiff was injured in falling from a defective stairway. At the close of plaintiff's case the trial judge dismissed the complaint upon the ground that the defendants were not liable as trustees, but were liable personally, and, therefore, the action could not be maintained against them in their official capacity. On appeal the ruling was affirmed, the court saying (p. 606): "The failure to repair being a neglect of the personal duty imposed upon the defendants by virtue of their legal ownership, they, in the first instance, must be held personally liable for it.  *  *  * If it should turn out in the settlement of the estate, for any reason, that it was the estate and not the defendants which was properly chargeable with the payment of any damages for such neglect, undoubtedly the defendants would be authorized to retain the amount of such damages from the rents. But, unless something of that kind was made to appear, the liability, being personal to the defend-

ants, could not be made a charge upon the estate.''

Counsel for appellee, although admitting the general rule that a trustee is liable personally, and not in his official capacity, for a tort committed by him while acting as trustee, contends that the rule is subject to the exception that where the trustee is engaged in operating a business or running a building, and the beneficiaries receive profits from the enterprise, he may be held liable, in the first instance, to avoid circuity of action, in his official capacity as trustee. We have examined the cases relied upon by counsel to support his contention and do not think they are applicable to the case here presented.

Counsel for appellee, referring to the $7,000 judgment rendered in the law action against ''George C. K. Schmidt, executor and trustee,'' also contends that, inasmuch as it was provided in the order that said amount should ''be paid in due course of administration,'' said judgment is *res adjudicata* that Klonowski's claim, as administrator, was one against the trust estate and not against George C. K. Schmidt personally. We cannot agree. Only parties or their privies can be bound by the judgment. None of the beneficiaries of the trust estate was a party to the action. The trustee, Schmidt, was not a privy to the beneficiaries. (*Roberts v. Yancey*, 94 Ky. 243, 246.) In 26 R. C. L., p. 1343, sec. 208, it is said: ''Undoubtedly the general rule is that in all proceedings affecting the trust estate, whether brought by or against third persons, the trustee and the *cestui que trust* are so far independent of each other that the latter must be made a party to the suit in order to be bound by the judgment or decree rendered therein. Hence a judgment against the trustee alone, the beneficiary not being a party thereto, does not bind the latter as a general rule, and he, in an action that seeks to subject the trust estate to the satisfaction of that judgment, may contest the correctness of the judgment, and show that it

is not enforceable against the trust property. * * *
And if a plaintiff, knowing that a trust estate is not
liable, brings suit for the purpose of charging the trust
property with the payment of a debt for which the
trustee alone is personally liable, the judgment ren-
dered therein is not conclusive against the benefi-
ciaries of the trust, unless they are *sui juris* and
parties to the suit, or consent to the judgment." (See
*Snelling v. American Freehold Land Mortg. Co.,* 107
Ga. 852, 854.)

Counsel for appellee further contends that, even if
the judgment in the law action is not *res adjudicata,*
still in view of the evidence contained in the present
record the chancellor properly decreed that said
Schmidt, "as surviving executor and trustee," pay the
amount of said judgment, interest and costs, "in due
course of administration." Again we cannot agree.
Under the authorities above cited, when petitioner in-
troduced in evidence the transcript of the judgment in
the law action the *personal* liability of Schmidt for the
amount thereof was disclosed. And the other evidence
introduced does not show any liability on the part of
the beneficiaries to pay the judgment. It appears that
the final accounts of Schmidt, both as executor and as
trustee, are still unsettled and in litigation in the
pending consolidated causes, and that the beneficiaries
have certain claims or demands against Schmidt in his
representative capacities. Under these circumstances
we do not think that the chancellor was warranted in
decreeing that Schmidt "as surviving executor and
trustee" pay the amount of the judgment "in due
course of administration." The decree in effect makes
the trust estate liable for a tort committed by Schmidt,
who, under the authorities, is personally liable. Fur-
thermore, it improperly forecloses the beneficiaries, to
the amount of the judgment, as to their claims against
Schmidt in his representative capacities. Until his
accounts have been finally settled it cannot be ascer-

tained whether there are any funds in his hands available to his judgment creditor, who, as to such funds, occupies no better position than Schmidt. (*In re Johnson,* L. R. 15 Ch. Div. 548, 555.) It not being shown that Schmidt is insolvent, he should be required to pay the judgment *de bonis propriis,* leaving the question as to his right of reimbursement out of the trust estate, if any such right he has, for determination in the final accounting. The remedy of appellee under the circumstances is, as it seems to us, to have the $7,000 judgment corrected for error in form so as to allow the issuance of an execution against Schmidt personally. (See *McNulta v. Ensch,* 134 Ill. 46, 56.)

For the reasons indicated the decree of the circuit court, on the petition of Klonowski, as administrator, etc., is reversed and the cause is remanded with directions to dismiss the petition for want of equity.

*Reversed and remanded with directions.*

BARNES and MORRILL, JJ., concur.