[No. 25795. Department Two. March 30, 1936.]

REX KINCAID, *a Minor, by Mary E. Williams, his Guardian ad Litem, Respondent,* v. WM. C. HENSEL *et al., Appellants.*[1]

[1]Reported in 55 P. (2d) 1050.

504

*Russell H. Fluent,* for appellants.
*Hazel & Hazel,* for respondent.

BLAKE, J.—This is an action to set aside a sale of real property under execution. The facts out of which the controversy arose are as follows: Rex Kincaid is the son of Julia A. Kincaid, and the grandson of Julia A. Hines. The latter conveyed the property in question to Julia A. Kincaid in trust for the use and benefit of Rex. Under the declaration of trust, the trustee had the power to sell, and, pursuant to that power, she entered into a contract to sell the property to the defendants Wm. C. Hensel and Estella P. Hensel, his wife. This contract was dated November 10, 1931. September 28, 1933, the trustee declared a forfeiture of the contract.

In February, 1934, the Hensels instituted an action against "Julia A. Kincaid, individually and as trustee for Rex Kincaid, and Rex Kincaid, a minor," to recover the purchase money paid, the value of improvements and rents collected by the trustee. Rex Kincaid interposed a demurrer to the complaint, which was sustained on the ground that, as to him, the complaint did not state facts sufficient to constitute a cause of action. The cause proceeded to judgment in the sum of $4,500 against "Julia A. Kincaid, individually and as trustee for Rex Kincaid." Upon this judgment, execution issued, under which the trust property was sold. It is this sale which the *cestui que trust,* Rex Kincaid, seeks

to set aside in the present action. In the court below, he was awarded a decree, from which defendants appeal.

As we understand appellants' position, it is, first, that the judgment against "Julia A. Kincaid, as trustee for Rex Kincaid," was a judgment against the trust estate; and second, that the judgment is *res judicata* as to Rex Kincaid. We do not think either contention tenable.

■ First: A trustee of an express trust acts and deals as a principal, not as an agent. When a trustee contracts as such, he is bound by the contract, for the estate cannot promise. *Taylor v. Davis' Administratrix*, 110 U. S. 330, 4 S. Ct. 147. Even though the trustee may by express stipulation exempt himself from personal liability, he cannot commit the trust estate to liability beyond the powers conferred upon him by the deed or declaration of trust. *Austin v. Parker*, 317 Ill. 348, 148 N. E. 19. He, not the trust estate nor the *cestui que trust*, is liable for his acts in the administration and management of the trust estate. And this is true whether the liability arises in contract or tort. *Clinch v. Ferril & Weslow*, 48 Ga. 365; *Plimpton v. Richards*, 59 Me. 115; *Truesdale v. Philadelphia Trust etc. Co.*, 63 Minn. 49, 65 N. W. 133; *Gardiner v. Rogers*, 267 Mass. 274, 166 N. E. 763; *Alfano v. Donnelly*, 285 Mass. 554, 189 N. E. 610; *O'Brien v. Jackson*, 167 N. Y. 31, 60 N. E. 238; *Louisville Trust Co. v. Morgan*, 180 Ky. 609, 203 S. W. 555, 7 A. L. R. 396; *Parmenter v. Barstow*, 22 R. I. 245, 47 Atl. 365, 63 L. R. A. 227. In the case last cited, the rule is stated:

"The law will not allow trust property to be impaired or dissipated through the negligence or improvidence of trustees, nor will it permit them to create any new or additional liabilities against the same. The beneficial interest thereof belongs to the *cestuis*, and it must be held intact for them."

The rule is applicable even though the liability of the trustee is such as would entitle him to reimbursement from the trust estate. *Austin v. Parker,* 317 Ill. 348, 148 N. E. 19.

It follows that a judgment against the trustee, as such, does not bind the trust estate, and execution issued on such a judgment cannot be levied against the trust property. *Clinch v. Ferril & Weslow,* 48 Ga. 365; *Plimpton v. Richards,* 59 Me. 115; *Zehnbar v. Spillman,* 25 Fla. 591, 6 So. 214; *Odd Fellows Hall Ass'n v. McAllister,* 153 Mass. 292, 26 N. E. 862, 11 L. R. A. 172; *Wahl v. Schmidt,* 225 Ill. App. 501 (affirmed *Wahl v. Schmidt,* 307 Ill. 331, 138 N. E. 604).

Appellants cite Rem. Rev. Stat., § 180 [P. C. § 8256], and the cases of *Martin v. Moore,* 49 Wash. 288, 94 Pac. 1087, and *Hayward v. Tacoma Savings Bank & Trust Co.,* 88 Wash. 542, 153 Pac. 352, as conflicting with the rules above stated. We do not so read either the statute or the cited cases. So far as we are concerned with it, the statute merely authorizes the trustee of an express trust to sue without joining his *cestui.* The cited cases, so far as they can possibly affect our problem, simply hold that a trust is an active one where the trustee has power to sell or convey.

The argument is that, since the title to the property is in the trustee, the beneficial interest of the *cestui* can be reached through a judgment against the trustee, as such. We do not think either the statute or the cited cases are susceptible to such interpretation. Of course, the trustee of an active trust can, by the exercise of powers conferred by the deed or declaration of trust, bind the trust estate. But the trust property can be subjected to the obligation only by an equitable action *in rem. Moore v. Stemmons,* 119 Mo. App. 162, 95 S. W. 313; *Austin v. Parker,* 317 Ill. 348, 148 N. E. 19. Under such circumstances, this court has held that

the *cestui que trust* is not a necessary party to the action. *Thompson v. Price,* 37 Wash. 394, 79 Pac. 951; *Merz v. Mehner,* 57 Wash. 324, 106 Pac. 1118.

But no such case is presented here. This was not an action *in rem.* The judgment did not run against the trust estate nor against the *cestui,* Rex Kincaid. It was strictly a money judgment against Julia A. Kincaid, and bound her alone. The description of her as trustee was surplusage. *Odd Fellows Hall Ass'n v. McAllister,* 153 Mass. 292, 26 N. E. 862; *Hampton v. Foster,* 127 Fed. 468.

■ Second: What we have said disposes of the contention that the judgment against the trustee was *res judicata* as to Rex Kincaid. His demurrer to the complaint in that case was sustained. The judgment was not against him. The trust estate could be subjected to a judgment only in the way we have indicated, namely, by an equitable action *in rem.* And even then, the trust estate could not be subjected to the judgment, unless the liability could be said to have arisen from the exercise of powers contained in the declaration of trust.

From this record, it does not appear that any such issues were presented in the case of *Hensel v. Kincaid, Trustee.* And certainly, the judgment does not adjudicate rights upon any such issues. *Wahl v. Schmidt,* 225 Ill. App. 501. In that case, it was contended that the trust estate and the *cestuis* were bound by a judgment of seven thousand dollars against the trustee, in which it was provided that the amount "be paid in due course of administration." Rejecting the contention, the court said:

"Only parties or their privies can be bound by the judgment. None of the beneficiaries of the trust estate was a party to the action. The trustee, Schmidt, was not a privy to the beneficiaries. (*Roberts v. Yancey,* 94 Ky. 243, 246.) In 26 R. C. L., p. 1343, sec. 208, it is

said: 'Undoubtedly the general rule is that in all proceedings affecting the trust estate, whether brought by or against third persons, the trustee and the *cestui que trust* are so far independent of each other that the latter must be made a party to the suit in order to be bound by the judgment or decree rendered therein. Hence a judgment against the trustee alone, the beneficiary not being a party thereto, does not bind the latter as a general rule, and he, in an action that seeks to subject the trust estate to the satisfaction of that judgment, may contest the correctness of the judgment, and show that it is not enforceable against the trust property. . . . And if a plaintiff, knowing that a trust estate is not liable, brings suit for the purpose of charging the trust property with the payment of a debt for which the trustee alone is personally liable, the judgment rendered therein is not conclusive against the beneficiaries of the trust, unless they are *sui juris* and parties to the suit, or consent to the judgment.' "

We are of the opinion that neither the trust estate nor the *cestui*, Rex Kincaid, were bound by the judgment against Julia A. Kincaid. Hence, execution on the judgment could not be levied on the trust property.

Judgment affirmed.

MILLARD, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.