CHARLES E. GIBSON, *Appellant*, v. THOMAS F. LEDWITCH *et al.* (JAMES K. HITCH *et ux., Appellees*).

No. 16,960.

### SYLLABUS BY THE COURT.

ESTOPPEL—*Judgment against Nominal Trustee Not Binding upon Owner.* When a mortgage is executed to a party named as trustee, who has no beneficial interest in the mortgage and is given no powers or duties over the subjects of the mortgage relation, nor any authority to represent the creditor, a judgment quieting the title of the mortgaged land as against such nominal trustee, in an action to which the creditor is not a party, will not bind the creditor, nor operate as a bar to the maintenance of an action to foreclose his mortgage.

Appeal from Seward district court. Opinion filed April 8, 1911. Reversed.

*L. M. Day,* for the appellant.

*Thomas A. Scates,* and *Albert Watkins,* for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to foreclose a mortgage executed by Thomas F. Ledwitch to E. Heliker, as trustee for A. C. Wilcox, who assigned it to Charles E. Gibson. It recited that "the said Thomas F. Ledwitch is indebted to A. C. Wilcox, five hundred dollars, evidenced by one promissory note of even date herewith, executed by said Thomas F. Ledwitch, pay-

able to the order of A. C. Wilcox." It also stipulated that if default should be made in payment of either the note or the interest coupons, or in procuring insurance, or in paying taxes, the whole debt should become due at the option of the owner, and that a foreclosure suit might be instituted at once. It was also agreed that if there was default of payment of any sum for thirty days the mortgagor would be required to pay to the owner of the note interest at the rate of twelve per cent per annum from the date of the note to the time of actual payment. The only duty devolving on the trustee, by the terms of the mortgage, was that he was authorized by the mortgagor "to pay all liens of any kind, either prior or subsequent, that may in any manner affect the title to the land herein conveyed," etc. There was no appearance by any of the defendants in the foreclosure action, except J. K. Hitch, who set up as a defense that in a former action against E. Heliker, trustee, as defendant, a judgment was rendered by default quieting the title of the land in Hitch. In that action it appears that Heliker was served by publication, and that Wilcox, the payee and owner of the note, was not made a party. In the present action the trial court held that the former decree, quieting title in Hitch, was a bar to the maintenance of the action of foreclosure by Wilcox's assignee, and from this decree the plaintiff appeals.

The only question for decision is whether the judgment quieting title in Hitch is binding on Wilcox and his assignee, and is a bar to the action of foreclosure. The instrument in suit is conceded to be a mortgage—a mere incident to the debt which it secures. It is not a trust deed, and by it nothing is conveyed to the trustee. He is named as trustee, but it seems that he bears only a nominal relation to the security. The debt is not payable to him, the option to declare the debt due upon default in any of the conditions does not rest with him, he has no authority to transfer the mortgage or to

foreclose it and is given no control whatever over the mortgage relations. He is a trustee in name, without powers or duties in respect to the mortgage relations, and manifestly is without authority to represent the owner of the debt which the mortgage secures. Even when a trustee has an interest, and is vested with powers and duties over the mortgage relations, it is generally deemed necessary to make the trustee and beneficiary parties to a foreclosure action. It has been said:

"The general rule is that, in all proceedings affecting the trust estate, whether brought by or against third persons, the trustee and *cestui que trust* are so far independent of each other that the latter must be made a party to the suit in order to be bound by the judgment or decree rendered therein." (23 Cyc. 1246.)

(See, also, 2 Black, Judg., 2d ed., § 585; 2 Perry, Trusts, 5th ed., § 873; Wiltsie, Mort. Forecl. § 112.)

In *Hutchison v. Myers,* 52 Kan. 290, where a mortgage in which a trustee was named as second party and occupied a position similar to the nominal trustee in the mortgage in this case was involved, it was held that the beneficiary or creditor alone could maintain an action to foreclose in his own name. It is easy to imagine a case of a trustee vested with powers and duties as to the mortgage relations, and clothed with authority to represent the beneficiary in the collection of the mortgage debt, the foreclosure of the mortgage and the protection of the security from the attacks of third parties, where a judgment against the trustee might be binding on the beneficiary. (*Swenney v. Hill,* 65 Kan. 826.)

In *Kerrison, Assignee, v. Stewart et al.,* 93 U. S. 155, it was said:

"It can not be doubted that, under some circumstances, a trustee may represent his beneficiaries in all things relating to their common interest in the trust property. He may be invested with such powers and

subjected to such obligations that those for whom he holds will be bound by what is done against him, as well as by what is done by him. The difficulty lies in ascertaining whether he occupies such a position, not in determining its effect if he does. If he has been made such a representative, it is well settled that his beneficiaries are not necessary parties to a suit by him against a stranger to enforce the trust." (p. 160.)

Here the trustee had no beneficial interest in the mortgage, he was vested with no power or control as to either the debt or the security and was clothed with no authority to represent the creditor as to the mortgage or the mortgage lien, and unless the creditor is himself brought into the litigation the judgment can not operate as an estoppel against him. Nothing done by or against the nominal trustee, in an action to which the owner of the note and mortgage was not a party, could operate to bind the latter, and the judgment relied on by the appellees was no defense or bar to the maintenance of the foreclosure action.

It follows that the judgment of the district court must be reversed and the cause remanded for further proceedings.