FISHER v. JOHNSON.

(Supreme Court, Special Term, Erie County. April 28, 1915.)

1. TRUSTS ☞371—SUIT AGAINST TRUSTEE—DESIGNATION OF DEFENDANT.

In an action by a creditor of an insolvent to restrain payment to the other creditors of a fund alleged to have been placed in the hands of a trustee by the insolvent, where complaint was against such trustee as an individual, and the relief demanded was that he personally performed the duties of a trustee in respect to the fund, such complaint was demurrable; a cause of action against an individual as such being distinct from a cause of action against the same individual as trustee or representative.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 588–599; Dec. Dig. ☞371.]

2. TRUSTS ☞366—PARTIES DEFENDANT—CREDITOR.

The insolvent was a necessary party to the action, since he had a right to be heard on the question of his liability to the plaintiff on the debt, while the other creditors had the right to have the same question litigated between the insolvent and the claimant.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 574–583; Dec. Dig. ☞366.]

3. JUDGMENT ☞670—PERSONS CONCLUDED—DIFFERENT CAPACITIES.

A suit against a defendant trustee as an individual does not bind him in his representative capacity, nor does judgment against a trustee as such conclude him in a subsequent action brought by or against him as an individual, although the issues in the two suits are identical, since a cause of action against an individual is distinct from a cause of action against such individual as trustee or other representative.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1181, 1185; Dec. Dig. ☞670.]

4. CREDITORS' SUIT ☞39—EXHAUSTION OF LEGAL REMEDIES—NECESSITY.

In an action by a creditor of an insolvent against one with whom such insolvent was alleged to have deposited a sum of money for distribution among his other creditors, where there was no allegation in the complaint that plaintiff had exhausted his legal remedies and reduced his claim to judgment, such complaint was demurrable, since a creditor cannot reach the assets of his debtor in equity without first exhausting his remedies at law.

[Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 154–164; Dec. Dig. ☞39.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. CREDITORS' SUIT ☞39 — SUIT TO ENJOIN PREFERENCE — ALLEGATION OF FRAUD—NECESSITY.

In a suit by a creditor of an insolvent against one alleged to hold as trustee moneys paid to him by such insolvent for distribution pro rata among his other creditors, such suit being to enjoin the payment and to determine the validity of plaintiff's claim, where the complaint alleged no fraud on the part of the insolvent, it was demurrable, since an insolvent has the right to prefer a creditor, in the absence of bankruptcy proceedings.

[Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 154–164; Dec. Dig. ☞39.]

Suit by Louis F. Fisher against John Johnson. Defendant's demurrer to the complaint sustained.

Bartholomew & Bartholomew, of Buffalo, for plaintiff.
Kenefick, Cooke, Mitchell & Bass, of Buffalo, for defendant.

WOODWARD, J.   The complaint alleges that one George H. Youngmann, a former partner of the plaintiff, is indebted to the plaintiff in the sum of $14,000 or more, which amount is due from said Youngmann.   It further alleges that subsequent to the time of the creation of the indebtedness the said Youngmann entered into business in the city of Buffalo, and in the month of October, 1914, said Youngmann became insolvent and entered into an arrangement with some of his creditors, under which the stock of goods in Youngmann's store were "sold by the defendant John Johnson, as trustee for said creditors, and that the said defendant John Johnson was to and did receive therefor in cash the sum of $5,500; the said sum so realized upon the sale of said goods, to wit, $5,500, to be distributed pro rata by the defendant among the creditors of the said Youngmann in order to avoid liquidation in bankruptcy"; that the plaintiff was not advised of this meeting of creditors, nor of the proposed sale, until about October 22, 1914, when he was served with a notice under the statute in relation to bulk sales; that the plaintiff immediately gave notice of his relations to Youngmann as a creditor, and gave his consent to such sale upon condition that the defendant would hold said moneys in trust and distribute them pro rata among all of said Youngmann's creditors; that defendant then informed plaintiff that he would hold said moneys, and would not pay them over to said Youngmann, and would distribute them pro rata among Youngmann's creditors; that defendant advised plaintiff to put in his claim, that this was done, and that the defendant has failed to allow the claim, or to pay the same; that plaintiff then attempted to procure the co-operation of sufficient creditors to institute an involuntary bankruptcy proceeding, but that he has been unable to find two other creditors to join with him, it being alleged that this result is due to an agreement between the other creditors not to join in such a proceeding; that the defendant "holds and has in his possession said sum of $5,500 due the said George H. Youngmann upon the sale of said goods, wares, and merchandise; that by reason of the fact that the said George H. Youngmann has no other property of any name or nature, and is insolvent, and his creditors are far in excess of said sum of $5,500, and

has entered into said agreement, and the whole of said sales price and said sum has been assigned as aforesaid, and is due to the creditors of the said George H. Youngmann, of which the plaintiff is one; that the defendant holds said sum and refuses to recognize the validity of the claim of the plaintiff against said Youngmann, and refuses to consider the plaintiff a creditor of the said Youngmann, and threatens to make distribution among the creditors of George H. Youngmann to the exclusion of this plaintiff."

The above is the actionable portion of the complaint, and is followed by an allegation, which is, of course, a conclusion of law, that the "plaintiff has no adequate remedy at law," and that "plaintiff will suffer irreparable injury and substantial damage unless the relief asked for in this complaint is granted," and in connection with this, by way of explanation, it is alleged that "if plaintiff first proceeds, in an action at law, to place said claim against said Youngmann into judgment, there is danger that said sum be distributed among the creditors of said Youngmann to the exclusion of plaintiff, and it will then become necessary for plaintiff to commence many and divers separate actions against each of said creditors to recover back the moneys so distributed in which plaintiff is entitled to share." The relief demanded is an injunction to restrain the defendant from distributing any part or portion of the fund "until the claim of the plaintiff as a creditor against said George H. Youngmann is lawfully determined, and that this court determine the validity of the claim of plaintiff against the said Youngmann, and of all other claims of creditors and alleged creditors against the said Youngmann, and that, said claims having been determined, the defendant be directed to pay the same over to the creditors pro rata."

The defendant demurs to the complaint upon the grounds that it appears upon the face of the complaint that there is a defect of parties defendant, in the omission of George H. Youngmann therein mentioned, and John Johnson, as trustee, therein mentioned, and upon the further ground that it appears upon the face thereof that the complaint does not state facts sufficient to constitute a cause of action.

[1, 2] It seems entirely clear that this demurrer must be sustained. The fund is alleged to have come into the possession of John Johnson as trustee, yet the action is brought against John Johnson individually, and the relief demanded is that the said John Johnson personally shall perform the duties of a trustee in respect to this fund. John Johnson personally is not alleged to have received this fund. The allegation is that he received it as trustee, and yet he is asked to account for it personally, while John Johnson, as trustee, is not before the court. Clearly, too, it is necessary to a disposition of this case that George H. Youngmann should be a party. He has a right to be heard on the question of his liability to the plaintiff for $14,000, or any other sum. Assuming that this action could be maintained by a mere general creditor, the other creditors would have a right to have the question litigated between the plaintiff and Mr. Youngmann, and a court of equity would not proceed to judgment without his presence.

[3] Does the complaint state facts sufficient to constitute a cause of action against the defendant, John Johnson? It is alleged that the fund came into his hands as trustee. A cause of action against an individual is distinct from a cause of action against the same individual as a trustee or representative (United Press v. Abell Co., 73 App. Div. 240, 244, 245, 76 N. Y. Supp. 692; Wetmore v. Porter, 92 N. Y. 76, 84; First National Bank v. Shuler, 153 N. Y. 163, 173, 47 N. E. 262, 60 Am. Rep. 601), and a suit against one sued as an individual does not bind him as trustee, and, conversely, judgment against one sued in a representative capacity does not conclude him in a subsequent action brought by or against him as an individual, although the same identical issue is involved, and the decision in the first action was upon the merits (First Nat. Bank v. Shuler, supra, 153 N. Y. 173, 47 N. E. 262, 60 Am. Rep. 601, and authorities there cited). It is claimed, not that John Johnson owes the plaintiff anything, but that John Johnson, as trustee, holds in his possession certain funds belonging to Mr. Youngmann, which it is his duty as trustee to distribute to creditors; but the action is brought against John Johnson individually, and it seems clear that there is a failure to show any obligation which John Johnson individually owes to the plaintiff.

[4] But beyond this is the fact that a creditor at large cannot, under the rules governing equitable actions, reach the assets of his debtor without having first exhausted his remedies at law. He must, except in extraordinary cases, where it is impossible to pursue such remedy, reduce his claim to judgment and have the execution returned unsatisfied. Then, and then only, will a court of equity intervene to give him relief by reaching equities which an execution could not make available. Speaking of the equitable rules which must be observed in a case of this character, the court in Ocean National Bank v. Olcott, 46 N. Y. 12, 18, say:

"One of them is that, before the equitable interests of a debtor can be reached in equity, all available legal remedies must be exhausted. It is not necessary to hold that such an action is, in strictness, a creditors' bill, and that jurisdiction depends upon a technical compliance with the statute. The general powers of a court of equity over trusts and frauds may be conceded as sufficient to confer jurisdiction, but this concession does not dispense with the rule of equity, which existed prior to and independently of the statute, that creditors must exhaust available legal remedies before resorting to courts of equity to reach equitable interests." I. & T. N. Bank v. Quackenbush, 143 N. Y. 567, 571, 38 N. E. 728, and authorities there cited.

[5] At common law Mr. Youngmann would have an undoubted right to pay any of his creditors to the exclusion of others, acting in good faith, and no fraud is suggested here. Just what equities the plaintiff would have against the creditors who have entered into the agreement alleged is not clear. There does not appear to have been an assignment for the benefit of creditors generally. Mr. Youngmann has simply agreed with some of his creditors that he will permit the sale of his goods by a trustee and the pro rata distribution of the fund among these creditors. He has a right to pay them what he owes them, or to pay a group of them a part that he owes them, and, in the absence of a bankruptcy proceeding, no way suggests itself

how the plaintiff can prevent the consummation of this purpose. Certainly under the complaint in this action he is not entitled to the relief which he demands.

The demurrer is sustained, with costs.