BANKERS TRUST CO. OF MUSKEGON v. FORSYTH.

1. TRUSTS—ACCOUNTING—RES JUDICATA—LIABILITY OF TRUSTEE.
   Judgments in actions at law that trust company was liable as trustee cannot be changed to render it individually liable in subsequent proceeding brought by trustee against *cestui que trust* and judgment creditors to secure accounting and terminate trust.

2. SAME—ACCOUNTING—JUDGMENTS FOR DAMAGES.
   Judgments for damages arising from defective construction of bridge by *cestui que trust* during trusteeship of land contracts of subdivision property *held*, not chargeable to trustee in final accounting.

3. SAME—EXTRA COMPENSATION.
   Allowance by trial court of extra compensation to trustee for so-called unusual or exceptional services for six-year period is reduced to period since letter it wrote to *cestui que trust* advising different arrangement would have to be made for future but making no claim for such services in the past.

4. SAME—USURIOUS CHARGE—STALE CLAIM.
   Belated claim of *cestui que trust* under business trust that trustee exacted usurious charge in final accounting *held*, without merit,

where incident as to which charge was made was the ordinary transaction of floating a loan through a trust company and had been closed for about five years.

5. SAME—CONTINUANCE OF TRUST.
   Trusteeship is ordered continued until such time as judgments against trust estate and trustee's compensation are paid and latter is reimbursed for expenses incurred.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 12, 1934. (Docket No. 72, Calendar No. 37,546.) Decided April 3, 1934.

Bill by Bankers Trust Company of Muskegon, a Michigan corporation, against Edna M. Forsyth, Rose Mueller, Charles A. Teifer and Elizabeth F. Teifer for an accounting, for termination of a trusteeship and for other relief. Cross-bills by all defendants against plaintiff to determine liability of plaintiff on certain judgments and for other relief. Decree for defendants Mueller and Teifer as to plaintiff. Decree for plaintiff as to defendant Forsyth. Plaintiff and defendant Forsyth appeal. Modified and remanded.

*Penny & Clark,* for plaintiff.

*John G. Anderson* and *Robert M. Anderson,* for defendant Forsyth.

*Cross, Foote & Sessions,* for defendants Mueller and Teifer.

NORTH, J. The bill of complaint herein was filed to secure an accounting in and a termination of a trust incident to which plaintiff was serving as trustee and the defendant Edna M. Forsyth was the *cestui que trust.* The defendants Mueller and Teifer have unsatisfied judgments rendered against the Bankers Trust Company of Muskegon *as trus-*

*tee.* Each of the parties defendant claims that the trust company is "personally and individually liable" for payment of these judgments. Plaintiff disavows such liability, contending that payment can be enforced against the body of the trust estate only. In the circuit court the above-mentioned judgments were held to be personal or individual liabilities of the trustee, with the right on the part of the trustee to reimburse itself from the body of the trust estate for whatever it paid incident to satisfying the adjudicated liability. The decree further awarded plaintiff compensation sought by it for extra services rendered outside of those contemplated by the trust agreement; and a full accounting and termination of the trust was also decreed. The defendant Edna M. Forsyth has appealed from the provisions of the decree awarding extra compensation and the provisions authorizing the ultimate payment of the judgments above mentioned from the body of the trust estate. Plaintiff has perfected a cross-appeal from that portion of the decree rendering it primarily liable for the payment of the Mueller and Teifer judgments.

The major matter in controversy is whether plaintiff is personally liable for the payment of the judgments held by defendants Mueller and Teifer respectively. The facts and circumstances out' of which these adjudicated liabilities arose are the same in each instance and are sufficiently detailed in *Mueller* v. *Bankers Trust Co. of Muskegon,* 262 Mich. 53. In the Mueller case judgment was for $631.16 and in the Teifer case $3,229. In each of these cases the pleadings, the process, the proofs taken in support of the claims of the respective plaintiffs and the final judgments all denominated the defendant as Bankers Trust Company of

Muskegon, *trustee.* In so far as defendants Mueller and Teifer are concerned, it might be sufficient to simply note that the adjudicated liability in each instance was liability of the trust company *as trustee.* We are not here concerned with whether the controversy which resulted in these respective adjudications was such that the trust company might have been held personally or individually liable. Such a claim was not asserted and of course such a liability was not adjudicated. In defendants' briefs many authorities are cited to the proposition that the mere use by a trustee or other person acting in a representative capacity of some descriptive word or words indicating such representative character will not save him from personal liability upon a contract executed by him in that form and that in order to protect himself from individual liability he must expressly stipulate that he is not to be held personally responsible in his individual capacity. Such authorities are not in point in the instant case which does not involve the construction of a contract or the question of possible liability thereon in one capacity or another. Instead, we here have two claims each of which has been prosecuted to final judgment as being a liability of the plaintiff herein in its trust capacity only. Having been so adjudicated, the judgments entered in the respective suits cannot be changed in this equitable proceeding so as to render the trust company directly or individually liable thereon.

"A suit against one sued as an individual does not bind him as trustee, and, conversely, judgment against one sued in a representative capacity does not conclude him in a subsequent action brought by or against him as an individual, although the same identical issue is involved, and the decision in the

first action was upon the merits." *Fisher* v. *Johnson,* 90 Misc. Rep. 46 (152 N. Y. Supp. 944).

See, also, *Troxell* v. *Railroad Co.,* 227 U. S. 434 (33 Sup. Ct. 274); *Gibson* v. *Ledwitch,* 84 Kan. 505 (114 Pac. 851, 35 L. R. A. [N. S.] 196).

The rights of respective parties having been previously so adjudicated, it must be held in the instant case that the Bankers Trust Company is not individually liable on the Mueller or the Teifer judgments; but instead that it is liable only in its capacity *as trustee.* Its duty and obligation, as *trustee,* is to satisfy each of these adjudicated liabilities out of the assets of the trust estate.

In arriving at the foregoing conclusion we are mindful that Mrs. Edna M. Forsyth was not a party to the litigation resulting in the Mueller judgment or the Teifer judgment. In the instant case she asserts that the above-mentioned judgments, as well as the expense incident to such litigation, resulted from the negligent manner in which the Bankers Trust Company failed to discharge its duty as trustee. For this reason she urges that in this final settlement the trustee should be charged with these items. As noted above, the pertinent facts are set forth in part in *Mueller* v. *Bankers Trust Co. of Muskegon, supra.* In addition to the facts appearing in the reported case it may be added that before the bridge involved in the litigation was constructed correspondence passed between the trust company and Mrs. Forsyth concerning the advisability or necessity for building the bridge, its cost, etc.; and that Mrs. Forsyth, acting through Mr. Forsyth, authorized the construction of the bridge. Correspondence in evidence conclusively discloses that all parties concerned considered the building of this bridge a matter in which the trust company had no

authority whatever to act, but that instead under the direction of Mrs. Forsyth the bridge was constructed by a third party. After the bridge was destroyed by high water Mrs. Forsyth wrote the trust company as follows:

"We built a bridge which complied with our contract (with Miss Mueller) as we understand it, and there was never any objection to it in any way when it was constructed. We personally saw this bridge and it looked to us like a very substantial bridge."

As between the plaintiff and defendant Edna M. Forsyth, damages arising from the defective construction of the bridge are not chargeable in the final accounting of this trust to plaintiff herein.

Another question presented by this appeal is plaintiff's claim for extra compensation. This was allowed by the circuit judge at the rate of $25 per month over a period of six years, totalling $1,800. From such allowance Mrs. Forsyth has appealed. She asserts that plaintiff is not entitled to any compensation beyond that provided in the trust agreement. This trust agreement is one in which plaintiff took title to real estate belonging to Mrs. Forsyth incident to her contract with a third party to plat, develop, and dispose of such real estate. Plaintiff, as trustee, was the medium through which title was passed to purchasers and through which Mrs. Forsyth received the portion of the purchase price due her from sales of lots. Detailed recital of the trustee's duties set forth in the trust agreement would not be helpful. The compensation provided for the trustee was an acceptance fee of $25 and two per cent. of the amounts "collected by it hereunder, which sums shall be in full payment of its services under this agreement, except in the case of unusual and exceptional services which shall then be mutually agreed upon by the parties hereto."

The character or extent of the "unusual or exceptional services" for which the trial judge allowed extra compensation over a period of six years are but scantily alleged in the bill of complaint and not at all satisfactorily detailed in the testimony. The bill of complaint was filed in April, 1933. The six-year period compensated would extend back to April, 1927. Mrs. Forsyth's sales agent, Mr. Leafstrand, continued to act until September 21, 1928. We do not find in the record any convincing testimony showing that the trustee rendered any material extra services prior to that date. No lots were sold after Leafstrand's connection was terminated. We think plaintiff's own correspondence as late as March 22, 1932, plainly discloses that up to that time it was not claiming and was not entitled to extra compensation. On the date noted the trustee wrote Mrs. Forsyth:

"In connection with the Bay Shore property, our experience has shown that we cannot profitably handle this property on the basis of the collection fee which was originally agreed upon. * * * We are, therefore, required to charge a collection fee of five per cent. on contract collections with a minimum fee of $25 annually in connection with the Bay Shore property, and wherever we are required to render special services in connection with this property, we will charge a reasonable fee for the services rendered. If it is desired that we continue to handle this property for you, we will be glad to do so on the basis outlined above, or, if you prefer, we will turn the property back to you or to whomever you may designate. If we do not hear from you to the contrary, we will assume that this is satisfactory, and will set our books up accordingly."

In the above letter plaintiff makes no mention of compensation for extra services theretofore rendered. It had not at any time prior to this letter

made such a claim to Mrs. Forsyth, excepting possibly in one or more instances where special charges were made and embodied in its subsequent reports. We find no justification in this record for decreeing extra compensation to plaintiff for the period of six years as provided in the decree entered in the circuit court. However, this record does disclose that some months prior to the above-quoted letter the Mueller suit was started against the trustee. It came to trial in the circuit court in July, 1932. The trustee, to whom decision was adverse, brought it to this court for review and secured a substantial reduction in the judgment. In June, 1932, the Teifer suit against the trustee was started in the circuit court of Muskegon county and later judgment was entered therein. Unfriendly feelings which developed about this time between Mrs. Forsyth and the trustee practically compelled the trustee to bring this suit which was commenced in April, 1933, and heard in the circuit court about two months later. From the decree entered September 9, 1933, Mrs. Forsyth perfected the original appeal to this court and thereby the trustee was compelled to follow the litigation and continue its administration of the trust. We forego other details. Obviously for the past 20 months or more the trustee has met unforeseen difficulties incident to the administration of this trust which have been both burdensome and distasteful. The noted circumstances have necessitated rendition of extra services by the trustee which we think were worth, as testified by its witnesses, at least $25 per month; and we fix the total extra compensation to this date at $500.

Mrs. Forsyth also claims that the account as accepted in the circuit court includes an item by which, under the guise of a "service charge" incident to procuring a mortgage loan, the trustee is in fact

being paid a bonus or usury. The circuit judge held, and we think properly so, that this belated claim is without merit. The cross-bill filed by Mrs. Forsyth makes no charge of this character. The circuit judge said: "I don't believe it has been pleaded. It isn't a defense unless pleaded." The mortgage loan was consummated in 1928 and was subsequently paid and the mortgage discharged. It has long since been a closed incident. Mrs. Forsyth was fully advised of the charge at or about the time of the loan by reports of the trustee made to her. In the brief filed for Mrs. Forsyth it is stated:

"The trust company issued and sold bonds secured by this mortgage and made two and one-half per cent. on the sale of the bonds. In other words, the trust company charged the trust estate with two and one-half per cent. bonus and also received an additional two and one-half per cent. on the sale of the bonds."

Concerning this mortgage, Mr. Hughes, secretary of the Bankers Trust Company, testified:

"This mortgage we are inquiring about, on the service fee, and so forth, obtaining loan was given to the trust company as one of its regular mortgages, made to resell.   *   *   *   And the trust company took and sold this mortgage to somebody else."

Obviously this was the ordinary transaction of floating a loan through a trust company. The details, including the service charge made, were known to Mrs. Forsyth at the time. She acquiesced in the transaction. Her complaint at this late hour is without merit.

Because of the interest of defendants Mueller and Teifer as judgment creditors, administration of this trust should be continued until their judgments and costs of suit are paid. Unless Mrs. Forsyth pays

each of these parties within 90 days from date of decree in this court, the trustee under direction of the circuit court shall proceed to dispose of sufficient assets of the trust estate to pay such judgments and costs. And unless Mrs. Forsyth within a like time shall pay to the trustee the amount due it upon an accounting in accordance herewith, the trustee under the direction of the circuit court shall also sell sufficient of the trust property to pay the trustee in full and to reimburse it for such costs and expenses as may be reasonably incurred in closing the trust, including reasonable compensation to the trustee for extra services rendered incident thereto, the amount of such compensation to be determined by the circuit court. Upon compliance with the foregoing the trustee shall convey to Mrs. Forsyth the trust property or the residue thereof.

The decree entered in the circuit court will be vacated and one entered here in accordance herewith. While both plaintiff and defendant Forsyth desired a termination of the trust, plaintiff was compelled to prosecute this suit to obtain determination of conflicting claims. Plaintiff will have costs of both courts against Mrs. Forsyth, and such costs may be paid out of the trust estate. The defendants Mueller and Teifer will have costs of both courts to be taxed against plaintiff as trustee and to be paid out of the trust estate. The case will be remanded to the circuit court for such further proceedings as may be deemed proper incident to terminating the trust and for such further orders or decree therein as may be required.

Nelson Sharpe, C. J., and Potter, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.