566 P.2d 312

**PIONEER NATIONAL TRUST CO. of Arizona as Successor Trustee of TTI Building Corp., formerly known as Tucson Title Insurance Company as Trustee under Trust No. 218948, Appellant/Cross-Appellee,**

v.

**PIONEER NATIONAL TRUST CO. of Arizona as Successor Trustee of TTI Building Corp., formerly known as Tucson Title Insurance Company as Trustee under Trust No. 10359, Pioneer National Trust Co. of Arizona as Trustee Under Trust No. 10376, and the Unknown Heirs of any of the Named Parties Defendant, Appellees/Cross-Appellants.**

No. 2 CA–CIV 2048.

Court of Appeals of Arizona, Division 2.

April 14, 1977.

Rehearing Denied May 25, 1977.

Review Denied June 14, 1977.

Jeffrey H. Schwartz, and Miller, Pitt & Feldman, P. C., Tucson, for appellant/cross-appellee.

Rees, Mercaldo & Smith, P. C. by Paul G. Rees, Jr., Tucson, for appellees/cross-appellants.

## OPINION

HOWARD, Chief Judge.

This appeal concerns the right of a vendee to a partial release of certain lots upon payment of the release price. There is also a cross-appeal which challenges the appellant's capacity to sue and contends the proceedings below were a nullity due to the failure to join the beneficiaries of the trust as indispensable parties.

In this opinion we shall designate the parties as follows: Appellant is Trustee No. 48; appellee Pioneer National Trust Company of Arizona, as Trustee under Trust No. 1–359, is Trustee No. 59, and Pioneer National Trust Company of Arizona, as Trustee under Trust No. 10376, is Trustee No. 76. Any reference to the foregoing trustees also includes their predecessors in interest.

On October 5, 1960, Trustee No. 48 sold 560 acres of land situated in Cochise County, Arizona to Trustee No. 59. A contract for sale of real estate entered into by the parties provided for a total purchase price of $28,000 which was payable as follows: $5,600 upon execution of the contract and the principal balance payable in annual installments of $2,800, due on or before November 1st of each year, plus interest, the first such installment due on or before November 1, 1961. Shortly after the execution of this contract Trustee No. 59 sold the land to Trustee No. 76.

The original contracts of sale between Trustee No. 48 and Trustee No. 59, contained the following provision:

"Provided the buyer is not in default hereunder, the seller will convey parcels of 40 acres each, from the lien of this contract of sale and said realty mortgage hereinafter described, upon the payment of $2,800.00 for each 40 acre parcel so conveyed. Payments for releases shall apply toward the next principal payment or payments due."

The printed portion of the contract contains the not uncommon provisions that it is expressly understood and agreed that each and every thing to be performed by the buyer under the terms of this contract shall be considered to be a condition and that time of payment shall be of the essence of the contract. The annual payment was made for the years 1961 through 1967. It was never paid on November 1st as required by the contract but payments were, on the average, fifteen days late. However, all of the annual payments were within the applicable grace period provided by A.R.S. § 33–741.

The payment due on November 1, 1968 was not paid and after expiration of the applicable grace period appellant brought this action to forfeit the interest of appellees. Trust No. 59 did not answer the complaint and a default judgment was entered against it. Trustee No. 76 contended below that, at the very least, it was entitled to a release of 280 acres from the lien of the

contract of sale by virtue of the payments made on the original contract during the years 1961 through 1967. The trial court, after making findings of fact and conclusions of law, found that the original contract was in default because of the nonpayment of the installment due November 1, 1968. But it also found that the right of forfeiture only extended to 280 acres, it being of the opinion that Trustee No. 76 was entitled to a deed for 280 acres of land because of the prior payments.

■ Appellant does not contend that Trustee No. 76 is precluded from securing a partial release of the acreage because no demand for release was made when the payments were made, nor, does it contend that the demand for partial release cannot be made after the institution of a forfeiture action. Rather, it contends that under the terms of the contract the vendee was not entitled to a partial release since the vendee was in default when the payments were made. The problem with this theory is that the contract does not provide that the releases are dependent upon the payments being made on time. The right to release depends upon whether the vendee is in default when it demands a release. This is the interpretation given to the contract by the trial court, and we agree. After each $2,800 payment was made, there was no longer a default. There being no default the vendee was entitled to a partial release of 40 acres after each payment. Appellant has cited to us no authority contrary to this conclusion.[1]

■ In its cross-appeal Trustee No. 76 contends that Trustee No. 48 was precluded from declaring a forfeiture and bringing this action because of the fact that the title company was enmeshed in a hopeless conflict of interest. This contention was first raised on a motion for new trial by new counsel for Trustee No. 76. At trial the attorney for Trustee No. 76, although invited to do so by the court, refused to raise any issue as to the capacity of the plaintiff

to bring suit or the necessity for the beneficiaries of both trusts to be parties to the suit. In fact, the record demonstrates that the beneficiaries of Trust No. 76 hired the attorney representing the trust below and were in fact controlling the litigation. The trial court correctly ruled that these issues were untimely raised in a motion for a new trial. Cross-appellant seeks to circumvent its failure to object by asserting that the beneficiaries were indispensable parties and therefore the question can even be raised on appeal. See *Riley v. County of Cochise,* 10 Ariz.App. 55, 455 P.2d 1005 (1969). As was pointed out in *Riley,* the time-honored categories of "indispensable", "necessary" and "proper" parties have been discarded with emphasis now placed on the practical realities of joinder. A defect in parties may be waived by proceeding to trial without objection, unless the omitted party is what was formerly termed an "indispensable" party to a conclusive determination of the controversy. *Howard v. Luke,* 18 Ariz. 563, 164 P. 439 (1917). Parties will not be considered indispensable if they are beneficiaries of a trust whose interest the trustee may adequately represent. *Hardy v. Island Homes, Inc.,* 363 P.2d 637 (Alaska 1961). In *Bolin v. Superior Court,* 85 Ariz. 131, 333 P.2d 295 (1958), the Arizona Supreme Court set forth the following test for indispensable parties:

"' . . . Indispensable parties are those who have such an interest in the subject matter that a final decree cannot be made without either affecting their interest or leaving the controversy in such condition that a final determination may be wholly inconsistent with equity and good conscience. The test of indispensability therefore is whether the absent person's interest in the controversy is such that no final judgment or decree can be entered which will do justice between the parties actually before the court, without injuriously affecting the rights of others not brought into the ac-

---

1. The case of *Bleyer v. Veeder,* 119 N.J.Eq. 398, 183 A. 203 (1936) cited by appellant is inapposite.

tion.'" 85 Ariz. at 134–135, 333 P.2d at 297.

 In the case *In re Estate of Wiswall,* 11 Ariz.App. 314, 464 P.2d 634 (1970), we noted that despite a trend favoring trustee representation, a trustee is not permitted to represent a beneficiary in civil actions where the two have conflicting interests. See generally, Bogert, Trusts and Trustees 2d Ed. § 593. While normally we do not believe the beneficiaries of a trust are indispensable parties in an action to forfeit their interest in a contract for the sale of real estate, the facts in this case are peculiar. There is a patent conflict of interest. The plaintiff was also the defendant (NOTE: there was no cross-appeal from the default judgment taken against Trustee No. 59 and therefore it should not be a party to this appeal). Mr. Keith Robbins, a real estate salesman who put together the syndicate which purchased the property from Trust No. 59 and who was one of the beneficiaries of Trust No. 76, appeared and testified at the trial. Appellant argued below that the beneficiaries of Trust No. 48 had retained its own counsel to represent their interest and similarly that the beneficiaries of Trust No. 76 had retained its own attorney to represent their interest in the proceedings. This contention was never refuted by the appellee at trial nor did it do so in its motion for new trial and it does not contend to the contrary on appeal. Under these circumstances we do not believe that the beneficiaries of Trust No. 76 were indispensable parties.

Judgment affirmed.

HATHAWAY and RICHMOND, JJ., concur.