589 P.2d 1342

ONLY COLLECTIONS, INC. an Arizona Corporation, Plaintiff-Appellee,

v.

COUNTY OF COCHISE, a Body Politic, Appellant.

COUNTY OF COCHISE, a Body Politic, Plaintiff-Appellant,

v.

ONLY COLLECTIONS, INC., an Arizona Corporation, Third Party Defendant-Appellee.

No. 2 CA–CIV 2954.

Court of Appeals of Arizona, Division 2.

Dec. 12, 1978.

Beverly H. Jenney, Cochise County Atty. by Jody N. Klein, Deputy County Atty., Bisbee, for appellant and plaintiff-appellant County of Cochise.

Charles M. Giles, for plaintiff-appellee and third party defendant-appellee Only Collections, Inc.

OPINION

HOWARD, Judge.

This is an appeal from the actions of the trial court in two separate cases. The determinative issue is whether the judgment against the garnishee, Pioneer National Trust of America (Pioneer), obtained by Only Collections, Inc. was binding on Cochise County. We hold that it was not.

On March 31, 1972, Cochise County entered into a trust agreement with a developer, Apple Valley Enterprises, Inc. (Apple Valley) and Pioneer, whereby Pioneer, as trustee was to withhold and impound funds from the sale of lots in Apple Valley's subdivision known as Apple Valley Ranchettes, for the benefit of the county. These funds were to be held as security for the construction of roads and drainage ways in the subdivision in accordance with the county's subdivision regulations. Under the trust agreement, Apple Valley was obligated to construct the rights-of-way to county standards within five years with the county specifically having the right to use those funds to bring the roads up to standard if the developer did not. Nowhere in the trust agreement is the developer given the right to receive the trust funds prior to complete installation of the roadways. When the roadways were completed to the satisfaction of the county, and upon written authorization from the county, any excess

funds remaining in the trust were to revert to Apple Valley.

The problem here started when Apple Valley failed to pay a company which performed some engineering work in the subdivision. The company assigned its claim to Only Collections which filed suit against Apple Valley and Pioneer (Pima County Cause No. 146017). The county was not made a party to this suit. The complaint alleged that Apple Valley was indebted to the engineering company in the sum of $12,281.17 plus costs and attorney's fees and that Pioneer was holding funds for the purpose of satisfying the debt. When Apple Valley and Pioneer failed to answer, judgment by default was entered against Apple Valley and Pioneer as trustee for Apple Valley in the sum of $14,314.82. In order to enforce its judgment, Only Collections served a writ of garnishment on Pioneer as trustee of Trust No. 10890. Pioneer answered that it had $301.02 belonging to Apple Valley and judgment was entered against Pioneer for that amount. This sum did not come out of the highway impoundment fund.

Only Collections served another writ of garnishment on Pioneer. Pioneer answered that it had no other funds belonging to Apple Valley except for "Street Installation impound account held jointly by Pioneer National Trust Company of Arizona as Trustee under Trust No. 10890, Apple Valley Enterprises, Inc. and Department of Highways, County of Cochise, State of Arizona, in the amount of $14,688.02." A copy of this answer was mailed to both the county attorney and the county engineer. Two months later, judgment against the garnishee, Pioneer, was taken on the answer in the sum of $14,663.02. Approximately one month after this judgment was entered, the county sued Pioneer (Pima County Cause No. 156425) to enjoin Pioneer from paying the funds to Only Collections. Pioneer answered, counterclaimed in interpleader and joined Only Collections as a third-party defendant. On April 26, 1976, Pioneer paid the money into court and, pursuant to Rule 22(b), 16 A.R.C.P., was released from liability to either the county or Only Collections.

On November 10, 1977, the county filed a petition in Cause No. 146017, the garnishment proceeding, to intervene and set aside the judgment on the garnishment. Only Collections filed an opposition to this petition. Both the county and Only Collections moved for summary judgment in Pima County Cause No. 156425. The trial court denied the county's petition in the garnishment case and granted summary judgment to Only Collections in No. 156425 on the basis of res judicata.

■ Was the judgment against the garnishee, Pioneer, binding on the county? The resolution of this question is begun by determining the legal relationship between Pioneer, the county and Apple Valley. As is evidenced by the trust agreement, the trustee was Pioneer, the county was beneficiary, and Apple Valley was both the settlor of the trust and a beneficiary. A judgment against the trustee in an action in which the beneficiaries need not be made parties is binding on the beneficiaries. *The Thames,* 81 U.S. (14 Wall.) 98, 20 L.Ed. 804 (1871). A judgment in a suit in which the beneficiary should be, but is not made a party, does not bind him or his interest in the trust res. *Johnson v. Curley,* 83 Cal.App. 627, 257 P. 163 (1927); *Gibson v. Ledwitch,* 84 Kan. 505, 114 P. 851 (1911); *Kincaid v. Hensel,* 185 Wash. 503, 55 P.2d 1050 (1936). A beneficiary must be made a party to any litigation involving his interest if the trustee or other beneficiaries are antagonistic to it. *Pioneer National Trust Co. v. Pioneer National Trust Co.,* 115 Ariz. 511, 566 P.2d 312 (App.1977); *Ribon v. Railroad Companies,* 83 U.S. (16 Wall.) 446, 21 L.Ed. 367 (1872); *Atwood v. Rhode Island Hospital Trust Co.,* 275 F. 513, 24 A.L.R. 156 (1st Cir. 1921); *Cameron v. White,* 128 Okl. 251, 262 P. 664 (1927).

■ There is no doubt here that the interests of Apple Valley and the county were

antagonistic. It was to Apple Valley's benefit and to the county's detriment to have the judgment against Apple Valley satisfied out of the street impound funds. Pioneer could not, as trustee, adequately represent these conflicting interests. It was therefore necessary to joint the county as a party in the garnishment proceeding. Since Only Collections failed to do so, the judgment in the garnishment proceedings was not binding on the county.

The judgment in favor of Only Collections in Pima County Cause No. 156425 is reversed and the case is remanded for further proceedings.

The appeal is Case No. 146017 is now moot and is dismissed.

RICHMOND, C. J., and HATHAWAY, J., concur.