NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of:

YVONNE BOOK, BRUCE REIGELSPERGER, KEVIN O'CONNELL
TRUST

BART V. WHILES, et al., *Plaintiffs/Appellees/Cross-Appellants*,

*v.*

GORDON KEITH JONES, et al., *Defendants/Appellants/Cross-Appellees*.

No. 1 CA-CV 18-0296
FILED 6-6-2019

Appeal from the Superior Court in Maricopa County
No.  PB2014-070659
The Honorable Andrew G. Klein, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Kenneth M. Rudisill Attorney at Law, Peoria
By Kenneth M. Rudisill
*Counsel for Plaintiffs/Appellees/Cross-Appellants*

Kile & Kupiszewski Law Firm, L.L.C, Scottsdale
By Stephen J. P. Kupiszewski, Emily B. Kile, Jennifer L. Kupiszewski,
Christina M. Stoneking
*Co-Counsel for Defendants/Appellants/Cross-Appellees*

The Law Office of Libby Banks, Scottsdale
By Libby Hougland Banks
*Co-Counsel for Defendants/Appellants/Cross-Appellees*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Acting Presiding Judge Maria Elena Cruz and Judge Jennifer B. Campbell joined.

---

**J O N E S**, Judge:

**¶1**        At issue in this case is whether a settlement agreement entered into between co-trustees Gordon L. Jones (Gordon), deceased, and Gordon Keith Jones (Keith) (collectively, the Joneses) and four primary beneficiaries of a trust is binding upon successor trustees when the contingent beneficiaries were not parties to the settlement agreement. Keith, along with his wife, family, and Gordon's estate (collectively, Appellants), appeal the trial court's order denying their petition to enforce the settlement agreement against Bart Whiles and Clark Leuthold (collectively, the Successor Trustees).  Both parties appeal the court's order denying their requests for an award of attorneys' fees.  For the following reasons, we affirm the order denying the petition to enforce the settlement agreement, vacate the order denying attorneys' fees, and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        In 2008, Kevin O'Connell established a revocable trust (the Trust), in which he designated $2.1 million to be paid in specific cash gifts to four long-time employees (collectively, the Primary Beneficiaries) within "thirty days from the Trustor's death."  The remainder of the Trust assets were to be distributed to Saint Leo University and Marquette University (collectively, the Contingent Beneficiaries) in designated percentages.

**¶3**        O'Connell died in 2011 and Gordon assumed his designated role as trustee.  About a month later, Gordon appointed his son, Keith, as

2

co-trustee but did not distribute the four specific gifts to the Primary Beneficiaries. In 2014, two of the four Primary Beneficiaries filed a complaint against the Joneses, alleging they breached their fiduciary duties through waste and self-dealing. In this, the 2014 Case, the Primary Beneficiaries sought removal of the Joneses as trustees and an award of damages. By the time the 2014 Case settled, another of the Primary Beneficiaries had intervened. And although the fourth did not participate in the litigation or negotiations, he signed the settlement agreement after it had been reduced to writing. The Contingent Beneficiaries appeared through counsel but did not participate in, nor become signatories to, the settlement agreement.

¶4         The terms of the settlement, as relevant here, provided that: (1) the signatories were settling "all claims known and unknown, liquidated and unliquidated, foreseen and unforeseen that would in any way arise out of the claims and disputes that have been asserted in [the 2014 Case]," (2) "[m]utual releases w[ould] be given by the beneficiaries to the Trust, and the releases w[ould] inure to the benefit of Gordon and Keith individually, personally and in their fiduciary capacities," (3) releases would "also be given to all of the parties' successors, assigns and attorneys," (4) the Joneses would resign as co-trustees and be replaced by the Successor Trustees, and (5) the Primary Beneficiaries would receive $50,000 from a company that had received a $400,000 loan from the Trust, and another $5,000 each from Gordon personally. Finally, the Joneses waived "any Trustee's fees, Trust administrative expenses, consulting expenses, or any other monies they believe[d] may be due them from the Trust." The agreement also included specific language acknowledging that the Contingent Beneficiaries were not parties to the settlement and were not bound by it.

¶5         In December 2015, the Successor Trustees filed a complaint against the Joneses and several other parties, alleging breach of fiduciary duty, fraud, conspiracy to defraud the Trust and beneficiaries, and aiding and abetting a conspiracy to defraud. In response to this, the 2015 Case, Appellants filed a petition to enforce the settlement agreement and dismiss the 2015 Case. The trial court denied the petition to enforce and ordered the parties to bear their own attorneys' fees and costs. Appellants timely appealed the final judgment, and the Successor Trustees timely cross-

appealed the order denying attorneys' fees. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1)[1] and -2101(A)(1).

**DISCUSSION**

**I.      Standard of Review**

**¶6**          General principles of contract law govern determinations concerning the validity, interpretation, and scope of settlement agreements. *Emmons v. Superior Court*, 192 Ariz. 509, 512, ¶ 14 (App. 1998) (citing *Hisel v. Upchurch*, 797 F. Supp. 1509, 1517 (D. Ariz. 1992)). We review *de novo* whether a settlement agreement is enforceable. *See Estate of DeCamacho ex rel. Guthrie v. La Solana Care & Rehab, Inc.*, 234 Ariz. 18, 20, ¶ 9 (App. 2014) (citations omitted). We will affirm the trial court's decision if it is correct for any reason. *U.S. Insulation, Inc. v. Hilro Constr. Co.*, 146 Ariz. 250, 256 (App. 1985) (citing *Gary Outdoor Advert. Co. v. Sun Lodge, Inc.*, 133 Ariz. 240, 242 (1982), and *Rancho Pescado, Inc. v. Nw. Mut. Life Ins.*, 140 Ariz. 174, 178 (App. 1984)).

**II.     The Primary Beneficiaries Sued the Joneses Both as Individuals and in Their Representative Capacities in the 2014 Case.**

**¶7**          The Successor Trustees argue the Joneses were only sued as individuals in the 2014 Case, not in their capacities as co-trustees, and therefore had no authority to bind the Successor Trustees to the terms of the settlement agreement. Generally, a common-law trust is not considered a legal entity capable of suing or being sued; therefore, any suit involving the trust must be brought by or against its trustee. *See, e.g.*, *Millennium Square Residential Ass'n v. 2200 M St. L.L.C.*, 952 F. Supp. 2d 234, 243 (D.C. Cir. 2013) (citations omitted); *see also* 76 Am. Jur. 2d *Trusts* § 601 (2019) ("In most jurisdictions, a trust is not an entity separate from its trustees, and cannot sue or be sued in its own name, and therefore, the trustee, rather than the trust, is the real party in interest in litigation involving trust property."). Additionally, if a trustee breaches his fiduciary duties, he may be personally liable for the resulting loss to the trust assets. *Shriners Hosps. for Crippled Children v. Gardiner*, 152 Ariz. 527, 528 (1987) (citations omitted). Thus, depending upon the nature of the claims and remedies sought by beneficiaries, a trustee may be sued in a representative capacity, as an individual, or both.

---

[1]      Absent material changes from the relevant date, we cite the current version of rules and statutes.

¶8        The record here reflects that the Joneses were sued both as individuals and in their representative capacities in the 2014 Case. The Successor Trustees note that the 2014 Case caption only listed the defendants as individuals, rather than "as trustees," and therefore assert the Trust was not a party to the settlement. However, a party is not required to allege "a party's capacity to sue or be sued" or "authority to sue or be sued in a representative capacity" in a pleading unless it is necessary to establish jurisdiction. Ariz. R. Civ. P. 9(a); *see also* Ariz. R. Probate P. 3(A) (stating the Arizona Rules of Civil Procedure apply to probate proceedings "[u]nless otherwise provided . . . or inconsistent with" the Arizona Rules of Probate Procedure). "The rationale behind this rule is that the nature of the plaintiff's cause of action can be determined from the body of the complaint." *Colo. Springs Cablevision, Inc. v. Lively*, 579 F. Supp. 252, 255 (D. Colo. 1984) (analyzing the analogous federal rule); *see also Edwards v. Young*, 107 Ariz. 283, 284 (1971) ("Because Arizona has substantially adopted the Federal Rules of Civil Procedure, we give great weight to the federal interpretations of the rules.") (citing *Jenney v. Ariz. Express, Inc.*, 89 Ariz. 343, 349 (1961), and *Harbel Oil Co. v. Steele*, 80 Ariz. 368, 373-74 (1956)).

¶9        In fact, the nature of the 2014 Case is easily ascertained from the allegations in the complaint, which refers to the Joneses collectively as "Trustees" or, individually, as "Successor Trustee" or "Co-Trustee" throughout. The complaint also contains averments as to what the Primary Beneficiaries should have received as "principal beneficiaries of the Trust" and claims as to what the then-acting trustees failed to do or did improperly. The Primary Beneficiaries sought remedies relating to the management of the Trust — including the removal of the Joneses as co-trustees, or alternatively, the appointment of a special fiduciary — as well as monetary damages for the breach of fiduciary duty that arose from the Joneses' positions as co-trustees. The complaint also specifically sought judgment against "defendant Trustees." Thus, it is clear from the body of the complaint that the Joneses were sued both as individuals and in their representative capacities.

¶10       The Successor Trustees nonetheless argue that even if the caption of the complaint is not controlling as to the Joneses' role, the acceptance of service demonstrates that they appeared in the litigation only in their individual capacities and not "as trustees." The Successor Trustees thus argue the trial court in the 2014 Case did not obtain jurisdiction over the Joneses in their representative capacities. We disagree. Personal jurisdiction may be obtained through voluntary appearance and "ha[s] the same force and effect as if a summons had been issued and served." Ariz. R. Civ. P. 4(f)(3), (4). The record shows the Joneses appeared in the 2014

Case both as individuals and in their representative capacities. First, the Joneses successfully opposed the Primary Beneficiaries' motion to appoint a special fiduciary. In doing so, they acknowledged having been sued as co-trustees when they defended their conduct in operating the Trust. Later, in opposing a motion to reconsider, the Joneses took similar positions, again asserting that they, as co-trustees, "[were] administering the Trust according to its terms."

¶11 The dual capacity of the Joneses in this litigation is also evidenced by the terms of the settlement agreement, which provided:

- Releases from the Primary Beneficiaries would inure to the benefit of Gordon and Keith individually, personally, and in their fiduciary capacities.

- The Joneses would resign as co-trustees of the Trust.

- The Joneses waived any trustee fees, Trust administrative expenses, consulting expenses, or any other monies they believed due them from the Trust, presumably as compensation for their services as co-trustees.

- For two cars leased to a Trust business, Gordon would arrange with the leasing company to transfer the leases into his own name.

These settlement provisions clearly related to Trust property and contemplated action by and on behalf of the Trust. The only manner by which the Joneses could have agreed to these terms was in their representative capacities as co-trustees.

¶12 On this record, the trial court erred in finding the Joneses only entered the settlement agreement as individuals. We nevertheless affirm the determination that the settlement agreement is not enforceable because, as explained below, its terms are antagonistic toward the interests of the non-party Contingent Beneficiaries.

## III. The Settlement Agreement is Unenforceable.

¶13 "It is a fundamental tenet of American law that a non-party is simply not bound by a judgment in an action to which it was not a party." *State ex rel. Napolitano v. Brown & Williamson Tobacco Corp.*, 196 Ariz. 382, 386, ¶ 17 (2000) (Martone, J., concurring); *accord* Restatement (Second) of Judgments § 62 cmt. a (Am. Law Inst. 2019). More specifically, "[a]

judgment in a suit in which the beneficiary should be, but is not made a party, does not bind him or his interest in the trust res." *Only Collections, Inc. v. Cty. of Cochise*, 121 Ariz. 310, 312 (App. 1978) (citing *Johnson v. Curley*, 257 P. 163, 164 (Cal. Dist. Ct. App. 1927), and *Gibson v. Ledwitch*, 114 P. 851, 852 (Kan. 1911)). "A beneficiary must be made a party to any litigation involving his interest if the trustee or other beneficiaries are antagonistic to it. *Id.* (collecting cases). "[T]he precise nature of the beneficial property interests of the beneficiaries need not be ascertained, as any interest, whether vested or contingent, is sufficient to protect the trust fund and see that the trust is properly executed." *Schuster v. Schuster*, 75 Ariz. 20, 29 (1952) (citing *Johnson v. Superior Court*, 68 Ariz. 68, 71 (1952)).

**¶14** Here, the Contingent Beneficiaries maintain an interest in the Trust property. But the Contingent Beneficiaries were not parties to the settlement agreement and therefore have not released the Joneses from liability for their purported misconduct as co-trustees. Therefore, the settlement agreement in the 2014 Case does not preclude the Successor Trustees from fulfilling fiduciary duties on behalf of the Contingent Beneficiaries through the 2015 Case.

**¶15** Nor are we willing to condone the Joneses' attempt to insulate themselves from the consequences of their alleged misconduct by interpreting A.R.S. § 14-1406(4) (permitting a trustee to represent and bind beneficiaries of a trust "[t]o the extent there is no material conflict of interest") to foreclose the Successor Trustees from bringing claims on the Contingent Beneficiaries' behalf. To the contrary, we find the releases, as applied to the Successor Trustees, violate legislation and public policy and are therefore unenforceable. *See 1800 Ocotillo, L.L.C. v. WLB Grp., Inc.*, 219 Ariz. 200, 202, ¶ 7 (2008) ("Contract provisions are unenforceable if they violate legislation or other identifiable public policy.") (citing *Webb v. Gittlen*, 217 Ariz. 363, 366, ¶ 13 (2008), and Restatement (Second) of Contracts § 178 (Am. Law Inst. 1981)); *cf.* A.R.S. § 14-10802(B) (providing that a transaction involving the management of trust property "that is . . . affected by a conflict between the trustee's fiduciary and personal interests is voidable by a beneficiary affected by the transaction"). Barring the Successor Trustees from asserting the Contingent Beneficiaries' surviving claims against the Joneses would result in violation of A.R.S. § 14-10802(A), which requires a trustee to "administer the trust solely in the interests of the beneficiaries," as well as A.R.S. § 14-10811, which requires the trustee to "take reasonable steps to enforce claims of the trust." Accordingly, we hold that the settlement agreement cannot be applied to prevent the Successor Trustees from bringing the 2015 Case on behalf of the Contingent Beneficiaries.

¶16        Typically, "even if one part of a severable contract is void, the court may enforce the remainder of the contract." *Mousa v. Saba*, 222 Ariz. 581, 587, ¶ 25 (App. 2009) (citing *Hackin v. Pioneer Plumbing Supply Co.*, 10 Ariz. App. 150, 157 (1969)).  However, "[a] contract may be severed . . . only if its terms clearly show the parties intended it to be severable. *Id.* (citing *Olliver/Pilcher Ins. v. Daniels,* 148 Ariz. 530, 533 (1986)).  The settlement agreement at issue here does not include a severability provision or any other language reflecting the intent to make the agreement severable.  In the absence of such terms, we find the entirety of the settlement agreement unenforceable.

¶17        At oral argument, counsel for the Joneses suggested that deeming the settlement agreement unenforceable would unravel every action that occurred following the settlement agreement, including the resignation of the Joneses and the appointment of Successor Trustees.  We find no precedent suggesting acts performed under contract automatically unwind if it is later determined to be unenforceable.  Rather, the proper remedy, should any actual harm have occurred through the operation of the settlement agreement, is typically some form of monetary damages. *See, e.g.*, *W. Corr. Grp., Inc. v. Tierney*, 208 Ariz. 583, 590, ¶ 27 (App. 2004) (discussing the availability of *quantum meruit* damages when services are performed under an unenforceable contract).  Regardless, the claims and consequences that might arise from our decision are beyond the scope of this appeal.

## IV.    Attorneys' Fees

¶18        Both the Joneses and the Successor Trustees appeal the denial of their requests for attorneys' fees.  We review the denial of an award of attorneys' fees for an abuse of discretion.  *See Sleeth v. Sleeth* (*In re Guardianship of Sleeth*), 226 Ariz. 171, 174, ¶ 12 (App. 2010) (citing *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18 (App. 2004)).  "An abuse of discretion may occur when a trial court commits an error of law in the process of exercising its discretion."  *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005) (citing *Fuentes v. Fuentes*, 209 Ariz. 51, 56, ¶ 23 (App. 2004)).

¶19        Here, the trial court found the Successor Trustees were the prevailing party in an action arising out of contract and entitled to a discretionary award of attorneys' fees pursuant to A.R.S. § 12-341.01(A).  The court then found the Joneses, as former co-trustees, were entitled to reimbursement of their reasonable fees and costs related to the good faith defense of a claim involving the administration of a trust pursuant to A.R.S. § 14-11004(A).  Applying these "competing statutory provisions," the court

ordered each side to bear its own fees and costs. The court did not squarely resolve the Joneses' request for fees as a sanction pursuant to A.R.S. § 12-349(A), and, accordingly, their request is deemed denied. *See McElwain v. Schuckert*, 13 Ariz. App. 468, 470 (1970) ("[A] motion which is not ruled upon is deemed denied by operation of law.") (quoting *Atchison, Topeka & Santa Fe Ry. v. Parr*, 96 Ariz. 13, 15 (1964)).

**¶20**        The Successor Trustees argue that because the trial court found the Joneses had only settled the 2014 Case as individuals, the petition to enforce the settlement agreement was filed in their capacities as individuals, not as former trustees, thus barring recovery of attorneys' fees under A.R.S. § 14-11004(A). However, because we hold that the Joneses entered the settlement agreement both in their representative capacity and as individuals, *see supra* Part II, the Successor Trustees' argument is without merit.

**¶21**        We nonetheless conclude the trial court abused its discretion in finding the Joneses filed the petition to enforce the settlement agreement in good faith. "[T]he reference to 'good faith' requires an objective determination based on all of the circumstances," including whether the litigation benefits the trust. *Sleeth*, 226 Ariz. at 178, ¶ 30 (citing *Pierce v. Molet (In re Estate of Gordon)*, 207 Ariz. 401, 406, ¶ 24 (App. 2004)). Evidence of a benefit "may indicate good faith and is a factor to be considered, just as the lack of benefit may reflect the absence of good faith." *Id.* (citing *Gordon*, 207 Ariz. at 406, ¶ 26). But "[w]hen 'winning' a dispute results in lost financial security for the protected person, those seeking an award of attorney's fees must defend the appropriateness of their decision to pursue such an expensive dispute." *Id.* at ¶ 31.

**¶22**        Here, the petition to enforce the settlement agreement did not benefit the Trust or its beneficiaries in any conceivable way. Had the Joneses prevailed, the Successor Trustees' attempt to recover allegedly misappropriated funds from the Joneses would have failed and the Joneses would have successfully evaded liability for potential mismanagement of Trust assets — all to the detriment of the beneficiaries. And where, as here, the petition failed, the Successor Trustees nonetheless incurred significant costs associated with defending against it — again, to the detriment of the beneficiaries. The record contains no evidence to support a finding that the Joneses pursued the petition to enforce the settlement agreement "in good faith," as the term is contemplated within A.R.S. § 14-11004(A). Therefore,

the good-faith finding was error.[2]  Because the erroneous finding was the only basis for denying the Successor Trustees an award of attorneys' fees pursuant to A.R.S. § 12-341.01(A), we cannot say the court acted within its discretion.  Accordingly, we vacate the trial court's order denying fees and remand for reconsideration.

## CONCLUSION

**¶23**        The trial court's order denying the petition to enforce the settlement agreement is affirmed.  The order denying attorneys' fees is vacated.  The case is remanded for reconsideration of the fee requests.

**¶24**        Both parties request attorneys' fees incurred on appeal.  In our discretion, we decline to award attorneys' fees to either side.  However, as the prevailing party, we award the Successor Trustees their taxable costs incurred on appeal upon compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED:        JT

---

[2]        Because we hold that the settlement agreement is not enforceable against the Successor Trustees, the Joneses are not the successful party and we need not address the Joneses' request for attorneys' fees pursuant to A.R.S. §§ 12-341.01 and -349.

10